**Opinion filed October 21, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00065-CR

_____

## DUSTY GUS HERNANDEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR33037**

## MEMORANDUM OPINION

Dusty Gus Hernandez pleded guilty to two counts of aggravated sexual assault of a child and to one count of indecency with a child. The jury assessed his punishment at life for each of the aggravated assault counts, twenty years for the indecency count, and a $10,000 fine for each count. We affirm.

### I. *Issues*

Hernandez challenges his sentence with two issues. Hernandez contends that the trial court abused its discretion by admitting his taped statement into evidence and that his sentence is disproportionate to the crime.

## II. *Discussion*

### A. *Hernandez's Taped Statement.*

Hernandez argues initially that the trial court abused its discretion by admitting his recorded interview into evidence. Midland Police Detective Nancy Compton was assigned to investigate the allegations against Hernandez. Based upon the results of her investigation, an arrest warrant was issued and Hernandez was taken into custody by the Burleson Police Department. Detective Compton traveled to Burleson and interviewed Hernandez. That interview was recorded, and the State offered into evidence a recording of the interview. Hernandez objected, contending that, because he had entered a guilty plea, any probative value would be outweighed by the danger of unfair prejudice. The trial court took the objection under advisement pending a review of the recording. During a lunch break, the trial court listened to the one hour and twenty-seven minute recording and announced its finding that the recording had probative value that was not outweighed by any unfair prejudicial effect.

We review the trial court's admission of evidence under an abuse of discretion standard. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). A trial court does not abuse its discretion if its ruling is within the zone of reasonable disagreement. *Id.* We will uphold a trial court's evidentiary ruling if it is reasonably supported by the record and is correct under any theory of applicable law. *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005).

Texas Rule of Evidence 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. Evidence is unfairly prejudicial when it tends to have some adverse effect upon the defendant beyond tending to prove the fact or issue that justifies its admission into evidence. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). In conducting the balancing test regarding admissibility, the trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for the evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issue, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or repeat evidence already admitted. *Id.* at 880.

Evidence is relevant to sentencing if it helps the factfinder in determining the appropriate sentence for a particular defendant in a particular case. *Hayden v. State*, 296 S.W.3d 549, 552 (Tex. Crim. Appp. 2009). Hernandez does not dispute the relevancy of his statement but argues that his statement was unfairly prejudicial because it portrayed him as denying the offense and blaming others and that it was played to the jury simply to play on the jury's emotions by casting him as a liar who did not accept responsibility for his actions. If the statement cast Hernandez in that role, it is only because that is exactly what happened during the interview. He denied the allegations, told Detective Compton that he had been the victim of sexual abuse, and said that he would never do anything like that to a child. He blamed his wife for putting thoughts into the children's heads about sex and said that a child at school could have touched the victim. In contrast to this, his counsel told the jury in her opening statement that Hernandez would be asking for probation and, in support of this request, said:

> You know now from the State and from Dusty himself that he's entered a plea of guilty to the indictment for the counts against him. That decision was not easy. It was very hard, but he has admitted guilt and he wants to accept responsibility for what happened.

Hernandez was entitled to ask the jury to consider his plea of guilty when determining the appropriate sentence. But it is not unfairly prejudicial for the State to respond by showing the jury that he initially denied any responsibility and that he blamed others. The trial court did not abuse its discretion by admitting the recording of Hernandez's interview. Issue One is overruled.

### B. Was Hernandez's Punishment Disproportionate to His Crime?

Hernandez acknowledges that punishment assessed within a statutory limit is generally not excessive, cruel, or unusual punishment and that his punishment was within the statutory limit. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). He argues, however, that his sentence violates the Eighth Amendment because it is grossly disproportionate to the offense.[1] Texas courts have found that a prohibition against grossly disproportionate sentences survives under the federal constitution apart from any consideration of whether the punishment assessed is within the statute's range. *Delacruz v. State*, 167 S.W.3d 904, 906 (Tex. App.—Texarkana 2005, no pet.).

---

[1]The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend VIII.

Texas courts have followed the Fifth Circuit's analysis for addressing Eighth Amendment proportionality complaints. *McGruder v. Puckett*, 954 F.2d 313 (5th Cir. 1992). This requires that we first conduct a threshold comparison of the gravity of the offense underlying the current conviction as well as the offenses underlying any prior convictions against the severity of the sentence. *Id.* at 316. The test is whether the sentence is grossly disproportionate to the gravity of the offenses upon which the sentences are based. *See Winchester v. State*, 246 S.W.3d 386, 390 (Tex. App.—Amarillo 2008, pet. ref'd). We consider the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender. *Solem v. Helm*, 463 U.S. 277, 291-92 (1983).

Hernandez argues that his sentence was grossly disproportionate considering his witnesses and his mitigating evidence and that he is in need of counseling rather than a life sentence because of his tragic childhood. The State responds that this issue has not been preserved because he did not object to the sentence when it was pronounced or file a motion for new trial. We agree. Preservation of a complaint for appeal requires that the appealing party make a complaint to the trial court by a timely request, objection, or motion stating the grounds for the desired ruling if those grounds are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1)(A). The reason for this rule is to give the trial court notice of what ruling, procedure, or statement the trial court has engaged in that is contrary to our laws and procedure and the opportunity to correct the mistake. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). This requirement applies equally to a complaint that the sentence is grossly disproportionate. *See id.* Issue Two is overruled.

### III. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


October 21, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.