Opinion filed October 21,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00065-CR

                                                    __________

 

                             DUSTY GUS HERNANDEZ, Appellant

                                                             
V.

                                  
STATE OF TEXAS, Appellee

 



 

                                   On
Appeal from the 238th District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CR33037



 

                                            M
E M O R A N D U M   O P I N I O N

             Dusty Gus Hernandez pleded
guilty to two counts of aggravated sexual assault of a child and to one count
of indecency with a child.  The jury assessed his punishment at life for each
of the aggravated assault counts, twenty years for the indecency count, and a
$10,000 fine for each count.  We affirm.

I.  Issues

            Hernandez
challenges his sentence with two issues.  Hernandez contends that the trial
court abused its discretion by admitting his taped statement into evidence and
that his sentence is disproportionate to the crime.

II. 
Discussion

            A.   Hernandez’s
Taped Statement. 

            Hernandez argues initially that
the trial court abused its discretion by admitting his recorded interview into
evidence.  Midland Police Detective Nancy Compton was assigned to investigate
the allegations against Hernandez.  Based upon the results of her investigation,
an arrest warrant was issued and Hernandez was taken into custody by the
Burleson Police Department.  Detective Compton traveled to Burleson and
interviewed Hernandez. That interview was recorded, and the State offered into
evidence a recording of the interview.  Hernandez objected, contending that,
because he had entered a guilty plea, any probative value would be outweighed
by the danger of unfair prejudice.  The trial court took the objection under
advisement pending a review of the recording.  During a lunch break, the trial
court listened to the one hour and twenty-seven minute recording and announced
its finding that the recording had probative value that was not outweighed by
any unfair prejudicial effect.

            We review the trial court’s
admission of evidence under an abuse of discretion standard.  Weatherred v.
State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  A trial court does not
abuse its discretion if its ruling is within the zone of reasonable
disagreement.  Id. We will uphold a trial court’s evidentiary ruling if
it is reasonably supported by the record and is correct under any theory of
applicable law.  Martin v. State, 173 S.W.3d 463, 467 (Tex. Crim. App.
2005).  

            Texas Rule of Evidence 403
provides that relevant evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice.  Tex. R. Evid. 403.  Evidence is
unfairly prejudicial when it tends to have some adverse effect upon the
defendant beyond tending to prove the fact or issue that justifies its
admission into evidence.  Casey v. State, 215 S.W.3d 870, 879 (Tex.
Crim. App. 2007).  In conducting the balancing test regarding admissibility,
the trial court must balance (1) the inherent probative force of the proffered
item of evidence along with (2) the proponent’s need for the evidence against
(3) any tendency of the evidence to suggest a decision on an improper basis,
(4) any tendency of the evidence to confuse or distract the jury from the main
issue, (5) any tendency of the evidence to be given undue weight by a jury that
has not been equipped to evaluate the probative force of the evidence, and (6)
the likelihood that presentation of the evidence will consume an inordinate
amount of time or repeat evidence already admitted.  Id. at 880.

            Evidence is relevant to
sentencing if it helps the factfinder in determining the appropriate sentence
for a particular defendant in a particular case.  Hayden v. State, 296
S.W.3d 549, 552 (Tex. Crim. Appp. 2009).  Hernandez does not dispute the
relevancy of his statement but argues that his statement was unfairly
prejudicial because it portrayed him as denying the offense and blaming others
and that it was played to the jury simply to play on the jury’s emotions by
casting him as a liar who did not accept responsibility for his actions.  If
the statement cast Hernandez in that role, it is only because that is exactly
what happened during the interview.  He denied the allegations, told Detective
Compton that he had been the victim of sexual abuse, and said that he would
never do anything like that to a child.  He blamed his wife for putting
thoughts into the children’s heads about sex and said that a child at school
could have touched the victim.  In contrast to this, his counsel told the jury
in her opening statement that Hernandez would be asking for probation and, in
support of this request, said:

You
know now from the State and from Dusty himself that he’s entered a plea of
guilty to the indictment for the counts against him.  That decision was not
easy.  It was very hard, but he has admitted guilt and he wants to accept responsibility
for what happened.

 

Hernandez was entitled to ask the jury to
consider his plea of guilty when determining the appropriate sentence.  But it
is not unfairly prejudicial for the State to respond by showing the jury that
he initially denied any responsibility and that he blamed others.  The trial
court did not abuse its discretion by admitting the recording of Hernandez’s
interview.  Issue One is overruled.

            B.  Was Hernandez’s
Punishment Disproportionate to His Crime? 

            Hernandez
acknowledges that punishment assessed within a statutory limit is generally not
excessive, cruel, or unusual punishment and that his punishment was within the
statutory limit.  Kirk v. State, 949 S.W.2d 769, 772 (Tex. App.—Dallas
1997, pet. ref’d).  He argues, however, that his sentence violates the Eighth
Amendment because it is grossly disproportionate to the offense.[1] 
Texas courts have found that a prohibition against grossly disproportionate
sentences survives under the federal constitution apart from any consideration of
whether the punishment assessed is within the statute’s range.  Delacruz v.
State, 167 S.W.3d 904, 906 (Tex. App.—Texarkana 2005, no pet.).  

            Texas
courts have followed the Fifth Circuit’s analysis for addressing Eighth Amendment
proportionality complaints.  McGruder v. Puckett, 954 F.2d 313 (5th Cir.
1992).  This requires that we first conduct a threshold comparison of the
gravity of the offense underlying the current conviction as well as the
offenses underlying any prior convictions against the severity of the
sentence.  Id. at 316.  The test is whether the sentence is grossly
disproportionate to the gravity of the offenses upon which the sentences are
based.  See Winchester v. State, 246 S.W.3d 386, 390 (Tex. App.—Amarillo
2008, pet. ref’d).  We consider the gravity of the offense in light of the harm
caused or threatened to the victim or society and the culpability of the
offender.  Solem v. Helm, 463 U.S. 277, 291-92 (1983).

            Hernandez
argues that his sentence was grossly disproportionate considering his witnesses
and his mitigating evidence and that he is in need of counseling rather than a
life sentence because of his tragic childhood.  The State responds that this
issue has not been preserved because he did not object to the sentence when it
was pronounced or file a motion for new trial.  We agree.  Preservation of a
complaint for appeal requires that the appealing party make a complaint to the
trial court by a timely request, objection, or motion stating the grounds for
the desired ruling if those grounds are not apparent from the context of the
request, objection, or motion.  Tex. R.
App. P. 33.1(a)(1)(A).  The reason for this rule is to give the trial
court notice of what ruling, procedure, or statement the trial court has
engaged in that is contrary to our laws and procedure and the opportunity to
correct the mistake.  Kim v. State, 283 S.W.3d 473, 475 (Tex. App.—Fort
Worth 2009, pet. ref’d).  This requirement applies equally to a complaint that
the sentence is grossly disproportionate.  See id.  Issue Two is
overruled.

III. 
Conclusion

            The judgment
of the trial court is affirmed.  

 

 

                                                                                    RICK STRANGE

                                                                                    JUSTICE

 

October 21, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]The
Eighth Amendment provides:  “Excessive bail shall not be required, nor
excessive fines imposed, nor cruel and unusual punishments inflicted.”  U.S. Const. amend VIII.