NO. 07-07-0030-CR
NO. 07-07-0031-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 14, 2008

_____

TERRY EUGENE WINCHESTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NOS. 06-2832 & 06-2846; HONORABLE CARTER T. SCHILDKNECHT, JUDGE;

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Terry Eugene Winchester, was convicted in separate jury trials of the third degree felony offenses of retaliation and failure to appear and sentenced to two consecutive life sentences under the habitual felony offenders provisions of the Texas

Penal Code.[1] Appellant raises a single point of error in two appeals asserting the trial court erred by imposing sentences grossly disproportionate to the offenses underlying his convictions resulting in cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.[2]  We affirm.

### Background

On April 5, 2006, Appellant was arrested during a routine traffic stop for public intoxication, an open container violation, and unlawfully carrying a weapon.  While Appellant was being transported to jail and during booking, he threatened the arresting officer with present and future bodily harm.  He also verbally accosted the officer in an obscene and insulting manner several times.

On July 7, 2007, Appellant was indicted for the offense of retaliation, a third-degree felony,[3] enhanced by three prior felonies, and he was released from custody on bond.  His arraignment was scheduled for August 15, 2007.  On August 10, 2007, with knowledge of his impending court date, Appellant left on a cross-country drive to Massachusetts. When Appellant failed to appear for his arraignment as scheduled, he was indicted for bail

---

[1]Tex. Penal Code Ann. § 12.42(d) (Vernon 2003).

[2]We take it to be an inherent power to consider together two pending appeals involving the same question and the same parties when it is expedient and desirable. *See Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex.App.–Amarillo 1998, pet. ref'd).

[3]Tex. Penal Code Ann. § 36.06(a)(1)(A) & (f) (Vernon 2003).

jumping and failure to appear, also a third-degree felony,[4] enhanced by three prior felonies. On his return trip from Massachusetts, Appellant was arrested in Oklahoma.

Subsequently, the State filed its *Notice of Intent to Enhance Punishment* and *Notice of Intent to Introduce Extraneous Offenses, Crimes, Wrongs and Bad Acts*, listing ten prior convictions. The offenses included convictions for possession of a firearm; possession of drug paraphernalia; escape from a penal institution; assault with a dangerous weapon; unauthorized use of an automobile; aggravated assault; theft by deception; leaving the scene of an automobile accident and two convictions for automobile theft. The offenses were committed in three states, Missouri, Arkansas, and Oklahoma, over an eight year period, 1988-1996.[5]

The charges for retaliation and failure to appear were tried in separate jury trials. One jury found Appellant guilty of the offense of failure to appear, found the enhancements true, and assessed his punishment at life imprisonment.[6] A separate jury found Appellant

---

[4]Tex. Penal Code Ann. § 38.10(a) & (f) (Vernon 2003).

[5]From 1992 until December 2005, Appellant was imprisoned. When he was arrested in April 2006, he had been out of prison less than four months.

[6]Appellant was sentenced in both criminal actions under Tex. Penal Code Ann. § 12.42 (d) (Vernon 2003) which states:

if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by

guilty on the retaliation offense, found the enhancements true, and also assessed his punishment at life imprisonment. At the request of the State, the trial court cumulated the two life sentences and ordered Appellant to serve them consecutively.

## Discussion

The Eighth Amendment of the United States Constitution prohibits excessive bail or fines as well as cruel and unusual punishment. *See* U.S. Const. amend. VIII. The provision is applicable to the States through the Fourteenth Amendment; *Furman v. Georgia,* 408 U.S. 238, 239, 92 S.Ct. 2726, 2727, 33 L.Ed.2d 346 (1972); *Robinson v. California*, 370 U.S. 660, 666-67, 82 S.Ct. 1417, 1420-21, 8 L.Ed.2d 758 (1962), and flows from the basic "'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.'" *Atkins v. Virginia,* 536 U.S. 304, 311, 122 S.Ct. 2242, 2246, 153 L.Ed.2d 335 (2002), *quoting Weems v. United States,* 217 U.S. 349, 367, 30 S.Ct. 544, 549, 54 L.Ed.2d 793 (1910).

It is undisputed that the sentences imposed by the trial court were within the range of punishment authorized by the Legislature. Furthermore, Texas courts have traditionally

---

imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Although the State failed to allege that the previous offenses were felony offenses, we have reviewed the record and find that evidence is sufficient to support that fact.

4

held that, as long as the punishment assessed is within the range set by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *Delacruz v. State*, 167 S.W.3d 904, 906 (Tex.App.–Texarkana 2005, no pet.). That said, Texas courts recognize that a prohibition against grossly disproportionate sentences survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's range. *Id.; Buster v. State,* 144 S.W.3d 71, 81 (Tex.App.–Tyler 2004, no pet.); *Davis v. State,* 119 S.W.3d 359, 363 (Tex.App.–Waco 2003, pet. ref'd); *Jackson v. State,* 989 S.W.2d 842, 846 (Tex.App.–Texarkana 1999, no pet.).[7]

Finding a federal constitutional principle of proportionality for criminal sentences under the Eighth Amendment, the United States Supreme Court indicated that, in determining the proportionality of a sentence, courts should be guided by the following objective criteria: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S.Ct. at 3011.

Also, in recognition of the important role of legislatures in establishing statutory criminal penalties and trial courts in assessing punishment, the *Solem* Court indicated that

---

[7]"Although a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and unusual punishment." *Solem v. United States,* 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983).

they should be accorded substantial deference, and that "a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate."  463 U.S. at 290 n.16, 103 S.Ct. at 3010 n.16.

*Solem*, however, is no longer controlling.  *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied,* 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992).  *See Wise v. State*, 223 S.W.3d 548, 554 n.3 (Tex.App.–Amarillo 2007, pet. ref'd).

In *Harmelin,* the United States Supreme Court revisited the issue of whether the Eighth Amendment provided a proportionality guarantee.  Justice Scalia's opinion, joined by Chief Justice Rehnquist, determined the Eighth Amendment did not contain a proportionality guarantee and rejected the *Solem* test.  501 U.S. at 962, 966, 111 S.Ct. at 2684, 2686.  Justice Kennedy's concurrence, joined by Justices O'Connor and Souter, determined the Eighth Amendment encompassed a "narrow proportionality principle."  501 U.S. at 997, 111 S.Ct. at 2702.  Justice Kennedy's concurrence recognized the *Solem* test but determined the test was flexible, *i.e.,* where a comparison of the crime with the sentence did not give rise to an inference of gross disproportionality, a comparative analysis of the challenged sentence with others in the same state and across the nation was unnecessary.  501 U.S. at 1005, 111 S.Ct. at 2707.  Justice White's dissent, joined by Justices Blackmun and Stevens, upheld Eighth Amendment guarantees of proportionality and the *Solem* test.  Justice Marshal's dissent disagreed with Justice White

6

only insofar as Justice White's dissent differed with his view that "capital punishment is in all instances unconstitutional."  501 U.S. at 1027, 111 S.Ct. at 2719.  Accordingly, two Justices rejected the proportionality principle and *Solem's* test outright, three Justices recognized a "narrow" proportionality principle and a modified *Solem* test, and four Justices recognized the proportionality principle espoused in *Solem* and its three-part test.

In light of *Harmelin*, the Fifth Circuit Court of Appeals adopted a modified *Solem* test conforming with Justice Kennedy's concurrence.  *See McGruder,* 954 F.2d at 316.  Under *McGruder,* a court first conducts a threshold comparison of the gravity of the offense underlying the current conviction as well as the offenses underlying the prior convictions against the severity of the sentence.  *Id.*  Only if the court infers the sentence is grossly disproportionate to the offenses should the court then consider the remaining factors in the *Solem* test.  *Id.*

The majority of Texas appellate courts have followed and applied the Fifth's Circuit's *McGruder* analysis in addressing Eighth Amendment proportionality complaints.  *Alberto v. State,* 100 S.W.3d 528, 530 (Tex.App.–Texarkana 2003, no pet.); *Bradfield v. State,* 42 S.W.3d 350, 353 (Tex.App.–Eastland 2001, pet. ref'd); *Hicks v. State*, 15 S.W.3d 626, 632 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd); *Dunn v. State*, 997 S.W.2d 885, 891-92 (Tex.App.–Waco 1999, pet ref'd); *Mathews v. State,* 918 S.W.2d 666, 669 (Tex.App.–Beaumont 1996, pet. ref'd); *Puga v. State,* 916 S.W.2d 547, 549-50 (Tex.App.–San Antonio 1996, no pet.); *Lackey v. State,* 881 S.W.2d 418, 420-21

7

(Tex.App.–Dallas 1994, pet. ref'd). Two others acknowledge *McGruder* and *Harmelin* but nevertheless apply the *Solem* factors in assessing the proportionality of sentences. *See Trevino v. State*, 174 S.W.3d 925, 928-29 (Tex.App.–Corpus Christi 2003, pet. ref'd); *Simmons v. State,* 944 S.W.2d 11, 14 (Tex.App.–Tyler 1996, pet. ref'd). We also adopt the *McGruder* proportionality analysis.

Appellant contends his consecutive sentences of life imprisonment are not proportionate to his offenses of retaliation and failure to appear and violate the requirements of the Eighth Amendment. We think this argument ignores the essence of the statute under which he was sentenced. Appellant was sentenced under the provisions of § 12.42(d) of the Texas Penal Code. Under this statute, sentence is imposed to reflect the seriousness of his most recent offense, not as it stands alone, but in light of prior offenses. *See Rummel v. Estelle,* 445 U.S. 263, 276, 100 S.Ct. 1133, 1140, 63 L.Ed.2d 382 (1980). A repeat offender's sentence is "based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." *Hicks v. State,* 15 S.W.3d 626, 632 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd). Therefore, in considering whether Appellant's sentences are "grossly disproportionate," we consider not only the present offenses but also his criminal history. *Vrba v. State,* 69 S.W.3d 713, 724 (Tex.App.–Waco 2002, no pet.).

The offenses of retaliation and failure to appear are third degree felonies. The prosecution of these offenses are intended to protect vital public interests. A central purpose of the offense of retaliation "is to encourage a certain class of citizens to perform vital public duties without fear of retribution." *Doyle v. State,* 661 S.W.2d 726, 729 (Tex.Crim.App. 1983). Prosecution of the offense of failure to appear is intended to obtain compliance with court orders to appear and promote the orderly administration of justice. Here, Appellant threatened an arresting officer with bodily harm and ignored the trial court's order to appear and plead. Importantly, these crimes were committed only months after Appellant was released from prison.

Appellant's continuous, criminal history spans nearly twenty years. His felonies include crimes of violence (assault with a dangerous weapon and aggravated assault) as well as crimes against the authority of prison officials (escape from a penal institution), police (retaliation against a police officer), and the court (failure to appear). After escaping from confinement, Appellant committed multiple felonies before he was returned to jail. He engaged in a high speed chase with police driving more than one hundred miles per hour. During the chase, he played "chicken" with patrol cars attempting to block his path and later bragged about his role in endangering the lives of police officers in pursuit and the public. Appellant put a gun to the head of his wife and demanded sex. He fled the scene of an accident, stole automobiles, and has been convicted for the illegal possession of firearms and drug paraphernalia. He committed felonies while on probation and parole.

9

The test, then, is whether his sentences are grossly disproportionate to the gravity of the offenses upon which his sentences are based.

In *Rummel v. Estelle,* the United States Supreme Court held that it did not constitute "cruel and unusual punishment" to impose a life sentence under the Texas "recidivist statute," now § 12.42(d) of the Texas Penal Code, upon a defendant who had been convicted, successively, of fraudulent use of a credit card to obtain $80 worth of goods or services, passing a forged check in the amount of $28.36, and obtaining $120.75 by false pretenses. 445 U.S. at 285, 100 S.Ct. at 1145.

In *McGruder,* the Fifth Circuit Court of Appeals held that it did not constitute "cruel and unusual punishment" to impose a life sentence without the hope of parole under a habitual offender statute upon a defendant who had been convicted, successively, for burglary of an automobile; armed robbery; burglary and larceny; and again for armed robbery. 954 F.2d at 315. Here, at least, there is the possibility of parole.

Because the sentences are within the statutory range of punishment and evidence was presented regarding his previous ten felonies, the juries' assessments of Appellant's punishment is not prohibited as cruel, unusual, or excessive. Moreover, having compared the life sentences with Appellant's current convictions and prior criminal history, we conclude the sentences are not grossly disproportionate in violation of the Eighth Amendment. Neither did the cumulation of the sentences by the trial court violate the Eighth Amendment. *See Stevens v. State,* 667 S.W.2d 534, 537 (Tex.Crim.App. 1984).

Having determined the consecutive sentences are not grossly disproportionate, we find it unnecessary to consider the remaining factors of the *Solem* test. Therefore, we hold Appellant's consecutive life sentences are not unconstitutionally disproportionate and overrule his single contention.

## Conclusion

Accordingly, both judgments of the trial court are affirmed.


Patrick A. Pirtle
Justice

Publish.

11