NO. 07-07-0103-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 24, 2008
_____

DAVID RICKIE STEEN AKA DAVID RICKY STEEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 54,399-B; HONORABLE JOHN BOARD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**


Appellant, David Ricky Steen, appeals his sentence of seven years in the Institutional Division of the Texas Department of Criminal Justice.  We affirm.


Background


Appellant was arrested for stealing meat from a local supermarket valued at approximately $31.  However, because of previous theft convictions, appellant's indictment was for a state jail felony theft.  Additionally, the charged offense was enhanced by two

prior felony convictions raising the punishment range to that of a third degree felony. Appellant pled guilty to the charged offense and pled true to the two enhancements. Appellant also chose to have the trial court judge assess punishment rather than to elect to have a jury assess punishment; after the presentation of evidence, the trial court assessed a sentence of seven years confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant now seeks to appeal the sentence contending that the sentence is cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and Article I, § 13 of the Texas Constitution because the assessed punishment is grossly disproportionate to the crime committed.[1]  We affirm.

Law and Analysis

Our proportionality analysis under both the Eighth Amendment to the United States Constitution and Article I, § 13 of the Texas Constitution is guided by (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. See Alberto v. State, 100 S.W.3d 528, 530 (Tex.App.–Texarkana 2003, no pet.).  However, we first conduct a threshold comparison of the gravity of the

---

[1]Although appellant raises multiple issues of cruel and unusual punishment within the Eight Amendment and Article I, § 13 of the Texas Constitution, a close reading of his brief reveals that appellant is actually only contesting the issue of the length of punishment for the crime committed, i.e., a proportionality complaint.  The Eighth Amendment's prohibition to cruel and unusual punishment relates to forms of punishment which is determined without reference to any particular offense.  See Harmelin v. Michigan, 501 U.S. 957, 978, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).

offense underlying the current conviction as well as the offenses underlying the prior convictions against the severity of the sentence.  See Winchester v. State, 246 S.W.3d 386, 389 (Tex.App.–Amarillo 2008, no pet. h.) (citing McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992)).  Only if the sentence is grossly disproportionate to the offense will the court consider and compare the sentence received to similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions.  See McGruder, 954 F.2d at 316.

In this case, appellant's current offense had been enhanced to a state jail felony by two prior theft convictions.  See TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (Vernon Supp. 2007).  Additionally, appellant's punishment range was increased from a state jail range to a third degree felony punishment range because appellant had previously been convicted of two state jail felonies of burglary of a building.  See TEX. PENAL CODE ANN. § 12.42(a)(1) (Vernon Supp. 2007). During cross examination of appellant at the punishment hearing, appellant admitted to having a total of five felony convictions including a third conviction for burglary of a building and a conviction for robbery.  Under section 12.42(d) of the Texas penal code, appellant's sentence is supposed to reflect the seriousness of the most recent offense, not as it stands alone, but in light of prior offenses.  See Winchester, 246 S.W.3d at 390.  Although appellant would argue that the present offense was minor considering that the meat stolen was valued at $31, appellant's past establishes a recurring pattern of theft, exactly the type of activity meant to be taken more serious by the State of Texas.  See § 31.03(e)(4)(D) (punishing repeat offenders as felons regardless of the classification of previous theft convictions).  Finally, in reviewing the harshness of the

3

penalty, we would note that the trial court explained its rationale for the length of sentence. The trial court explained that it believed that, because of appellant's criminal history and continued disregard for the law, a jury would probably have given appellant the maximum sentence. However, because the trial court appreciated appellant's honesty on the stand and apparent willingness to accept punishment for the offense, the trial court stated that it wanted to reward appellant by reducing the sentence that it would have normally imposed. Therefore, our threshold review of the gravity of the offense underlying the current conviction as well as the offenses underlying the prior convictions against the severity of the sentence demonstrates that appellant's sentence of seven years is not grossly disproportionate considering appellant's history. Having determined that the sentence is not disproportionate, we need not compare the sentence received to similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. See McGruder, 954 F.2d at 316. We overrule appellant's issue.

Conclusion

For the foregoing reasons, we affirm.


Mackey K. Hancock
Justice


Do not publish.

4