NO. 07-10-0295-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 16, 2010

_____


WILLIE EARL LEFLORE, APPELLANTS

v.

THE STATE OF TEXAS, APPELLEE

_____


FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY;

NO. 1065684D; HONORABLE RUBEN GONZALEZ, JUDGE

_____


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**

Appellant, Willie Earl Leflore, pled guilty in open court to possession of a controlled substance (cocaine) in an amount of four grams or more but less than 200 grams with intent to deliver[1] and was sentenced to eighteen years confinement. In a single point of error, Appellant asserts his sentence of eighteen years confinement

---

[1]*See* Tex. Health & Safety Code Ann. § 481.112(d) (West 2010). An offense under this subsection is a felony of the first degree, punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years. *Id.* at § 12.32 (West Supp. 2010).

constitutes cruel and unusual punishment under the *Eighth Amendment of the United States Constitution.*[2]

## Background

On July 25, 2007, a Tarrant County Grand Jury returned an indictment against Appellant for intentionally and knowingly possessing four grams or more, but less than 400 grams, of cocaine with intent to deliver, and the lesser included offense of possession.[3]  And, on June 18, 2008, the State filed a habitual offender and enhancement notice alleging Appellant had been convicted in Mississippi for two felonies, selling cocaine in 1991 and burglary in 1980.

On December 7, 2009, Appellant pled guilty to the indictment after it was amended by the State to delete the lesser included offense.  The State also waived its habitual offender notice.  Prior to taking Appellant's plea, the trial court admonished Appellant that the range of punishment was by imprisonment for life or a term of not more than ninety-nine years or less than five years.  Appellant then entered his plea of guilty.

On April 15, 2010, a sentencing hearing was held.  The evidence at the hearing indicated Appellant was convicted of felony burglary in February 1980 and received four

---

[2]The *Eighth Amendment of the Unites States Constitution* prohibits excessive bail or fines as well as cruel and unusual punishment; *See U.S. Const. amend. VIII*, and is applicable to the States through the *Fourteenth Amendment.  Furman v. Georgia,* 408 U.S. 238, 239, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

[3]*See* Tex. Health & Safety Code Ann. §§ 481.112(d), 481.115 (West 2010), respectively.  Although the indictment originally alleged "four grams or more but less than four hundred grams," the appropriate weight category for subsection (d) is four grams or more but less than two hundred grams.  *Id.* at § 481.112(d).  The indictment was amended to correctly reflect this weight category on December 4, 2009.

years probation. Less than three weeks later, he violated his parole by carrying a concealed weapon. His parole was revoked and he was sentenced to three years confinement. In March 1981, he was paroled and, in May 1982, he was discharged from parole. In September 1991, he was convicted of selling cocaine and was sentenced to twenty years confinement. In February 2001, he was paroled. After his arrest in May 2007, he was released on bond subject to supervision by the Tarrant County Community Supervisions and Corrections Department. While on bond he violated the conditions of his bond by testing positive for drug use.

Appellant's counsel sought probation citing that the amount of the cocaine he possessed, 4.77 grams, was significantly closer to four grams than two hundred grams. He also pointed out that Appellant had been out of prison for eight years with a consistent work history and stable family life. The State, on the other hand, requested a substantial amount of penitentiary time based on Appellant's prior criminal history. The State also pointed out that, at the time of his arrest, there were digital scales in his car covered with residue indicative of selling drugs, not just possession. Although Appellant had been out of prison since 2001, the State asserted there was evidence that, since 2006, he had been purchasing and selling cocaine on a continual basis.

After considering the evidence and arguments of counsel, the trial court found Appellant guilty and sentenced him to eighteen years confinement. Thereafter, Appellant's motion for a new trial was denied and this appeal followed.

**Discussion**

On appeal, Appellant makes many of the same arguments made at the sentencing proceeding and asserts that his sentence, even though within the range of punishment provided by law, violates the strictures of the *Eighth Amendment of the United States Constitution* because the sentence is cruel and unusual*.*

The State contends that Appellant did not preserve his complaint for appellate review. We agree. Appellant did not object to his sentence at the time of sentencing. Neither did Appellant allege an *Eighth Amendment* violation in his motion for a new trial. As a prerequisite to presenting a complaint for appellate review, Appellant must present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling. Tex. R. App. P. 33.1(a)(1). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived by a failure to object. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex.Crim.App. 2003) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996)). Under the facts of this case, we find that Appellant's complaint that his sentence is cruel and unusual under the *Eighth Amendment* was not preserved for review. *See Castaneda*, 135 S.W.3d at 723; *Noland v. State*, 264 S.W.3d 144, 151-52 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd).

That said, even if Appellant had preserved his complaint, he would not succeed on his claim. The *Eighth Amendment* prohibits punishment that is "grossly disproportionate" to the offense for which a defendant has been convicted. *See Winchester v. State*, 246 S.W.3d 386, 389 (Tex.App.--Amarillo 2008, pet. ref'd). In

4

determining whether a sentence is "grossly disproportionate," the reviewing court must first compare the gravity of the offense with the severity of the sentence. *Id.* at 390.

Appellant has two prior felony convictions, including one for selling drugs. When he was arrested, he was in possession of nearly five grams of cocaine and a set of digital scales with residue on them. Thus, there was evidence Appellant was again selling drugs. Despite having spent nearly ten years in prison for a prior drug offense, he was arrested for a similar drug offense only six years after his release. And, while on bond pending disposition of this case, he tested positive for drug use. Appellant's sentence is within the statutory range of punishment for the offense committed and, given the circumstances of his arrest, his prior criminal history, and the violation of the conditions of his bond, we cannot say his sentence was grossly disproportionate to the gravity of the offense upon which his sentence is based. *See Winchester*, 246 S.W.3d at 391. Appellant's sole point of error is overruled.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

5