NO. 07-10-0295-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 DECEMBER 16, 2010

 WILLIE EARL LEFLORE, APPELLANTS

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY;

 NO. 1065684D; HONORABLE RUBEN GONZALEZ, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, Willie Earl Leflore, pled guilty in open court to
possession of a controlled substance (cocaine) in an amount of four
grams or more but less than 200 grams with intent to deliver[1] and
was sentenced to eighteen years confinement. In a single point of
error, Appellant asserts his sentence of eighteen years confinement
constitutes cruel and unusual punishment under the Eighth Amendment of
the United States Constitution.[2]

 Background

 On July 25, 2007, a Tarrant County Grand Jury returned an
indictment against Appellant for intentionally and knowingly
possessing four grams or more, but less than 400 grams, of cocaine
with intent to deliver, and the lesser included offense of
possession.[3] And, on June 18, 2008, the State filed a habitual
offender and enhancement notice alleging Appellant had been convicted
in Mississippi for two felonies, selling cocaine in 1991 and burglary
in 1980.

 On December 7, 2009, Appellant pled guilty to the indictment
after it was amended by the State to delete the lesser included
offense. The State also waived its habitual offender notice. Prior
to taking Appellant's plea, the trial court admonished Appellant that
the range of punishment was by imprisonment for life or a term of not
more than ninety-nine years or less than five years. Appellant then
entered his plea of guilty.

 On April 15, 2010, a sentencing hearing was held. The evidence
at the hearing indicated Appellant was convicted of felony burglary in
February 1980 and received four years probation. Less than three
weeks later, he violated his parole by carrying a concealed weapon.
His parole was revoked and he was sentenced to three years
confinement. In March 1981, he was paroled and, in May 1982, he was
discharged from parole. In September 1991, he was convicted of
selling cocaine and was sentenced to twenty years confinement. In
February 2001, he was paroled. After his arrest in May 2007, he was
released on bond subject to supervision by the Tarrant County
Community Supervisions and Corrections Department. While on bond he
 violated the conditions of his bond by testing positive for drug use.

 Appellant's counsel sought probation citing that the amount of
the cocaine he possessed, 4.77 grams, was significantly closer to four
grams than two hundred grams. He also pointed out that Appellant had
been out of prison for eight years with a consistent work history and
stable family life. The State, on the other hand, requested a
substantial amount of penitentiary time based on Appellant's prior
criminal history. The State also pointed out that, at the time of his
arrest, there were digital scales in his car covered with residue
indicative of selling drugs, not just possession. Although Appellant
had been out of prison since 2001, the State asserted there was
evidence that, since 2006, he had been purchasing and selling cocaine
on a continual basis.

 After considering the evidence and arguments of counsel, the
trial court found Appellant guilty and sentenced him to eighteen years
confinement. Thereafter, Appellant's motion for a new trial was
denied and this appeal followed.

 Discussion

 On appeal, Appellant makes many of the same arguments made at
the sentencing proceeding and asserts that his sentence, even though
within the range of punishment provided by law, violates the
strictures of the Eighth Amendment of the United States Constitution
because the sentence is cruel and unusual.

 The State contends that Appellant did not preserve his complaint
for appellate review. We agree. Appellant did not object to his
sentence at the time of sentencing. Neither did Appellant allege an
Eighth Amendment violation in his motion for a new trial. As a
prerequisite to presenting a complaint for appellate review, Appellant
must present to the trial court a timely request, objection, or motion
stating the specific grounds for the desired ruling. Tex. R. App. P.
33.1(a)(1). Constitutional rights, including the right to be free
from cruel and unusual punishment, may be waived by a failure to
object. See Castaneda v. State, 135 S.W.3d 719, 723 (Tex.Crim.App.
2003) (citing Rhoades v. State, 934 S.W.2d 113, 120 (Tex.Crim.App.
1996)). Under the facts of this case, we find that Appellant's
complaint that his sentence is cruel and unusual under the Eighth
Amendment was not preserved for review. See Castaneda, 135 S.W.3d at
723; Noland v. State, 264 S.W.3d 144, 151-52 (Tex.App.--Houston [1st
Dist.] 2007, pet. ref'd).

 That said, even if Appellant had preserved his complaint, he
would not succeed on his claim. The Eighth Amendment prohibits
punishment that is "grossly disproportionate" to the offense for which
a defendant has been convicted. See Winchester v. State, 246 S.W.3d
386, 389 (Tex.App.--Amarillo 2008, pet. ref'd). In determining
whether a sentence is "grossly disproportionate," the reviewing court
must first compare the gravity of the offense with the severity of the
sentence. Id. at 390.

 Appellant has two prior felony convictions, including one for
selling drugs. When he was arrested, he was in possession of nearly
five grams of cocaine and a set of digital scales with residue on
them. Thus, there was evidence Appellant was again selling drugs.
Despite having spent nearly ten years in prison for a prior drug
offense, he was arrested for a similar drug offense only six years
after his release. And, while on bond pending disposition of this
case, he tested positive for drug use. Appellant's sentence is within
the statutory range of punishment for the offense committed and, given
the circumstances of his arrest, his prior criminal history, and the
violation of the conditions of his bond, we cannot say his sentence
was grossly disproportionate to the gravity of the offense upon which
his sentence is based. See Winchester, 246 S.W.3d at 391.
Appellant's sole point of error is overruled.

 Conclusion

 The trial court’s judgment is affirmed.

 Patrick A. Pirtle
 Justice

Do not publish.
-----------------------
[1]See Tex. Health & Safety Code Ann. § 481.112(d) (West 2010). An
offense under this subsection is a felony of the first degree,
punishable by imprisonment for life or for any term of not more than
99 years or less than 5 years. Id. at § 12.32 (West Supp. 2010).

[2]The Eighth Amendment of the Unites States Constitution prohibits
excessive bail or fines as well as cruel and unusual punishment; See
U.S. Const. amend. VIII, and is applicable to the States through the
Fourteenth Amendment. Furman v. Georgia, 408 U.S. 238, 239, 92 S.Ct.
2726, 33 L.Ed.2d 346 (1972).

[3]See Tex. Health & Safety Code Ann. §§ 481.112(d), 481.115 (West
2010), respectively. Although the indictment originally alleged "four
grams or more but less than four hundred grams," the appropriate
weight category for subsection (d) is four grams or more but less than
two hundred grams. Id. at § 481.112(d). The indictment was amended
to correctly reflect this weight category on December 4, 2009.