

In The

# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00341-CR
_____

ROGER DUANE STONE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 316th District Court
Hutchinson County, Texas
Trial Court No. 10,928; Honorable David Gleason, Presiding

May 15, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Roger Duane Stone, appeals from a judgment following a jury trial sentencing him to seventy-five years confinement and assessing a $10,000 fine for possession of four grams or more, but less than 200 grams, of methamphetamine[1] and

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010) (an offense under this section is a second degree felony). Appellant's second degree felony conviction was enhanced to a first degree felony conviction due to a prior felony conviction. See TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2014). See also id. at §§ 12.32, 12.33 (West 2011).

confinement for two years and a $10,000 fine for tampering with physical evidence,[2] with the two sentences to be served concurrently. In a single issue, Appellant asserts his sentence for possession of a controlled substance constitutes cruel and unusual punishment and, as such, violates the Eighth Amendment of the United States Constitution. We affirm.

## CRUEL AND UNUSUAL PUNISHMENT

Appellant asserts seventy-five years confinement is cruel and unusual punishment because he is an addict living on disability, has had no opportunity for formal drug treatment, and is a decent, generous human being. He contends continued confinement will do nothing to help him beat his habit, will be degrading to his dignity, and amounts to a life sentence due to his age. Appellant concedes his punishment is within the range established by the Legislature and does not challenge the constitutionality of the statutes under which he was sentenced.

Texas courts have traditionally held that, as long as punishment is assessed within the range set by the Legislature in a valid statute, the punishment is not excessive. *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd). That said, however, Texas courts recognize that a prohibition against grossly disproportionate sentences survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's range. *Id.* (collected cases cited therein). *See Ham v. State,* 355 S.W.3d 819, 826 (Tex. App.—Amarillo 2011, pet. ref'd).

---

[2] *See* TEX. PENAL CODE ANN. § 37.09 (West Supp. 2014) (an offense under this section is a third degree felony). Appellant's third degree felony conviction was enhanced to a second degree felony conviction due to a prior felony conviction. *See id.* at § 12.42(a), §§ 12.33, 12.34 (West 2011).

Finding a federal constitutional principle of proportionality for criminal sentences under the Eighth Amendment, the United States Supreme Court indicated that, in determining the proportionality of a sentence, courts should be guided by the following *objective* criteria:  (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for the commission of the same crime in other jurisdictions.  *Solem v. Helm*, 463 U.S. 277, 290, 103 S. Ct. 3001, 77 L. Ed.2d 637 (1983).  *See Harmelin v. Michigan*, 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 115 L. Ed.2d 836 (1991) (Kennedy J., concurring in part and concurring in judgment) (Eighth Amendment does not require strict proportionality between crime and punishment but forbids only against sentences that are grossly disproportionate to the crime).  Only if the court can infer a sentence is grossly disproportionate to an offense should the court consider the remaining factors in the *Solem* test.  *See Winchester,* 246 S.W.3d at 389 (citing *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed.2d 98 (1992)).  Moreover, state legislatures should be accorded substantial deference and "a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate."  *Winchester,* 246 S.W.3d at 389 (quoting *Solem*, 463 U.S. at 290 n.16).

Appellant was sentenced under the provisions of section 12.42 of the Texas Penal Code, a statute providing for penalties for repeat and habitual felony offenders.  *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2014).  Under this statute, sentence is imposed to reflect the seriousness of his most recent offense, not as it stands alone, but in light of prior offenses.  *Winchester*, 246 S.W.3d at 390.  Further, a repeat offender's sentence is based not merely on that person's most recent offense but also on the

propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes. *Id.* (citing *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd)). Therefore, in considering whether Appellant's sentences are "grossly disproportionate," we consider not only the present offenses but also his criminal history. *Id.*

Appellant's criminal history goes back as far as 1996 when he was arrested for resisting arrest. In 1997, he was arrested for forgery of a financial document. Although he received probation for three years, his probation was revoked in thirteen months and he was sentenced to two years confinement. Thereafter, he was in and out of confinement on three successive convictions for possession of controlled substance(s) and for evading arrest or detention with a motor vehicle until his present conviction. Given Appellant's past criminal history and the similarity of the offenses for which he now stands convicted, we cannot infer his present sentence is grossly disproportionate. This is particularly so here where the sentence is less than the statutory maximum and evidence of disproportionality is lacking. Appellant's single issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

4