

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

———————————————

No. 07-14-00083-CR
No. 07-14-00084-CR
No. 07-14-00085-CR

———————————————

MALISHIA LYNN BOOKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 372nd District Court
Tarrant County, Texas[1]
Trial Court Nos. 1328179D, 1328181D, 1344140R;
Honorable David Scott Wisch, Presiding

---

October 21, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Without the benefit of a plea agreement, Appellant, Malishia Lynn Booker, pleaded guilty to three separate offenses: (1) evading arrest with a vehicle, (2)

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this court on any relevant issue. TEX. R. APP. P. 41.3.

kidnapping, and (3) aggravated assault of a public servant.[2]  Although Appellant had a previous felony conviction for aggravated assault and was on parole at the time of the offenses, the State did not seek to enhance the punishment level of any offense as a repeat offender.  See Tex. Penal Code Ann. § 12.42 (West Supp. 2014).  Following a sentencing hearing, Appellant was sentenced to three concurrent sentences:  five years confinement for evading arrest with a vehicle, five years confinement for kidnapping, and twenty years confinement for aggravated assault of a public servant.  In a single issue, Appellant asserts the trial court's sentences were disproportionate to the crimes committed.  We affirm.

Generally, a sentence within the statutory range of punishment for an offense is not excessive, cruel, or unusual punishment.  See Winchester v. State, 246 S.W.3d 386, 389 (Tex. App.—Amarillo 2008, pet. ref'd).  A narrow exception to this rule is recognized where a sentence is grossly disproportionate to the offense.  See Moore v. State, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd).  In resolving an Eighth Amendment disproportionality complaint, we first compare the gravity of the offense to the severity of the sentence.  McGruder v. Puckett, 954 F.2d 313, 315-16 (5th Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); Moore, 54 S.W.3d at 542 (applying the McGruder proportionality analysis).

The trial court's discretion to impose any punishment within the prescribed range and that is based on the sentencer's informed normative judgment is essentially "unfettered," Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006), and is

---

[2] See Tex. Penal Code Ann. §§ 38.04(b)(2)(A) (evading arrest or detention, a third degree felony), 20.03(a) (kidnapping, a third degree felony), 22.02(a)(2) (aggravated assault, a first degree felony) (West 2011 and West Supp. 2014).  Each offense was the subject of a separate trial court cause number and a separate judgment was entered in each case.

generally not subject to a challenge for excessiveness. *Dale v. State,* 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.). Here, Appellant's sentences fall within the statutory range for the offenses to which she pleaded guilty. *See* TEX. PENAL CODE ANN. §§ 12.34(a) (West 2011) (third degree felony range—confinement for not more than 10 years or less than 2 years); *id.* at 12.32(a) (first degree felony range—confinement for life or for any term not more than 99 years or less than 5 years). Although we acknowledge evidence was presented at the sentencing hearing indicating Appellant had made improvements while on parole, we must also acknowledge the severity of the present assault,[3] the fact that it was her second such offense, and the fact there was an active parole warrant outstanding at the time of the assault. Under the totality of the circumstances in this case, we cannot say that her punishment was grossly disproportionate to the crime so as to violate the Eighth Amendment of the United States Constitution. *See* U. S. CONST. amend. VIII; *Moore,* 54 S.W.3d at 542. Appellant's sole issue is overruled and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[3] The undisputed facts of the case indicate that during a traffic stop, while a uniformed police officer was reaching inside Appellant's vehicle to retrieve her purse, she started her vehicle and drove off, trapping the officer in the vehicle. Appellant refused to stop the vehicle until she ultimately crashed into a tree, thereby injuring the officer. During this episode, the officer deployed his taser to incapacitate Appellant.