

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00036-CR

DESIREE NICOLE ROMERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 4898, Honorable Stuart Messer, Presiding

November 30, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Desiree Nicole Romero appeals her conviction for a felony of the second degree arising from her possessing eighty pounds of marihuana. Through a single issue, she contends that the fourteen year prison sentence levied was "grossly disproportionate to her crime in contradiction to her Eighth Amendment right to be free of cruel and unusual punishment." We affirm.

***Background***

Prior to being convicted, appellant had the adjudication of her guilt deferred and was assessed four years community supervision. While on the latter, she not only ingested other drugs while pregnant, such as marihuana and heroin, but also moved to New Mexico and failed to contact her probation officer. These constituted violations of the terms of her community supervision. Eventually, authorities arrested her in New Mexico and returned her to Texas. Subsequently, the State moved the trial court to adjudicate her guilt.

At the adjudication hearing, appellant pled true to several of the violations contained in the State's motion. That resulted in the trial court adjudicating her guilty of the second degree felony. During the punishment phase of the hearing, appellant stated that she 1) had a drug problem, 2) was "kicked" out of her sister's house while five months pregnant, and 3) lacked a stable place to live in Texas. Thus, she went to live with her uncle in New Mexico without first securing the permission of her probation officer. Law enforcement officers arrested her about two years later in Albuquerque, New Mexico. But, before they did, appellant allegedly stopped using drugs, secured employment, rented an apartment, and continued to raise her children. At no time, during her stay in New Mexico did she try to contact the probation department, though.

After hearing the foregoing evidence, the trial court said the following:

Ms. Romero, one of the problems I really, really have is that -- and I want you to understand that you're not here just on these violations. It is that when we had our original hearing back in 2011, it was that I deferred my findings and punishment at that time to see how you did. And Mr. Spriggs has indicated that you didn't commit another crime, but every time you used marijuana, every time you used heroin was another crime. You may not have been charged for it, you may not have been convicted of it, but it was another crime. And I think you're to be commended for getting off

2

drugs, but your history on probation was not good. You didn't report. It's not just because you didn't have money because you weren't -- you told me, you said, I didn't have all the money but I paid what I could, and so you were doing that. And so it wasn't that you thought that, well, I don't have all of the money. You knew that if you didn't have all of the money, that they would work with you because they had been working with you. They had been. You don't tell them where you are. You don't send in your statements. You don't even report, which is the simplest thing you can do. It really looks to me like, ma'am, that when you went, you had no intent of ever trying to complete this at all. That you ran and you thought, if they don't catch me, I am not ever going to do anything, and you got away with it for over two years. But I do find you guilty. I think I've already said that. I do find you guilty of the second degree felony offense of possession of marijuana. Having found you guilty, it is the judgment and order of this Court that you be turned over to the Sheriff of Carson County where you will be safely transported by him to the Texas Department of Criminal Justice Institutional Division where you will serve a term of 14 years. I will give you credit for all of the time that you have served, both before your plea and since your -- while you were on probation.

### *Issue – Excessive Punishment*

Again, appellant considers the fourteen year sentence "grossly disproportionate to the offense" and, therefore, violative of the Eighth Amendment of the United States Constitution. We overrule the issue.

As recently explained in *Stone v. State*, No. 07-13-00341-CR, 2015 Tex. App. LEXIS 5032 (Tex. App.—Amarillo May 15, 2015, pet. ref'd), "Texas courts have traditionally held that, as long as punishment is assessed within the range set by the Legislature in a valid statute, the punishment is not excessive." *Id.* at *2. Nonetheless, they do "recognize that a prohibition against grossly disproportionate sentences survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's range." *Id.* In "determining the proportionality of a sentence, [we are] guided by the following *objective* criteria: (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on

3

other criminals in the same jurisdiction, and (3) the sentences imposed for the commission of the same crime in other jurisdictions." *Id.* at *2-3 (emphasis in original). Yet, it remains true that "state legislatures should be accorded substantial deference and 'a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate.'" *Id.* With this said, we turn to the record before us.

First, the record contains no evidence of the sentences imposed on other criminals in the same jurisdiction or the sentences imposed for the commission of the same crime in other jurisdictions. This bodes against finding the offense to be disproportionate; indeed, we have nothing against which to compare the sentence at issue.

Second, the punishment levied fell within that prescribed by our legislature. *See* TEX. PENAL CODE ANN. § 12.33(a), (b) (West 2011) (stating that the range of punishment for a felony of the second degree is imprisonment for not more than twenty years or less than two years and a fine not to exceed $10,000). Third, appellant was found with eighty pounds of marihuana, a sum indicative of far more than mere personal use. Fourth, she was found with the drug while transporting it for her brother, an act indicative of dealing in drugs. *See Winchester v. State*, 246 S.W.3d 386, 390 (Tex. App.—Amarillo 2008, pet. ref'd) (noting that the defendant's criminal history can also be considered when assessing if the sentence is grossly disproportionate). Fifth, she was a drug abuser herself. Sixth, she absconded from the State without informing her probation officer. Seventh, while knowing that she could call her probation officer to discuss why she left and to address her conduct, she opted not to during her years in

4

New Mexico.  Eighth, and as observed by the trial court, little appears to suggest that she ever intended to fulfill her community supervision.

Given the foregoing indicia, we cannot say that appellant established that her sentence was grossly disproportionate to the crime.   Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.