

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00019-CR

JAMES CALEB BROOKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13454, Honorable Ralph H. Walton, Jr., Presiding

August 23, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant James Caleb Brooks appeals from his conviction of the offense of possession of methamphetamine, in an amount of four grams or more but less than 200 grams, with intent to deliver[1] and the resulting sentence of seventy-five years of

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2011).

imprisonment.[2] Through a single issue, appellant contends the sentence he received was disproportionate to the crime for which he was convicted. We will affirm.

Background

At appellant's jury trial, the State presented testimony showing that in early 2016, appellant was a passenger in a friend's car. After he stopped them in the early morning hours for an inoperable headlight, a police officer called for a drug dog because he considered their conduct to be deceptive and he recalled a previous encounter with the driver.

When appellant got out of the car, a pat-down of appellant's person revealed three knives, a stun gun, a can of mace, and a metal socket with burnt marijuana residue. After the drug dog alerted, officers found several shards of methamphetamine on the seat where appellant had been sitting. Appellant was arrested. At the jail, nineteen grams of methamphetamine were found in appellant's underwear along with digital scales and several clear plastic baggies. At trial, an officer testified to his observations of appellant that night and his opinion that appellant was "highly likely selling methamphetamine." The jury found appellant guilty as charged in the indictment.

During the punishment phase, evidence that appellant was on felony deferred adjudication probation in Oklahoma was admitted through the State's only punishment witness. Appellant presented the testimony of one witness, his mother. She told the jury of appellant's childhood, his family, including an eleven-year-old daughter, and his "good-hearted," "loving" character, and said he had never before been convicted of a felony in

---

[2] TEX. PENAL CODE ANN. § 12.32 (West 2011).

2

Texas. She also told the jury appellant only hurt himself with his drug use and "he just can't seem to get away from it. He's tried very hard to get away from it, and it just seems to draw him back in." She testified appellant "never dealt in drugs" and she agreed she was surprised to "see the large quantity of drugs" involved in her son's case.

After hearing the punishment evidence, the jury assessed punishment against appellant at seventy-five years of imprisonment. Following trial, appellant filed a motion for new trial arguing, among other things, that the sentence imposed violated the Eighth Amendment's prohibition against cruel and unusual punishment. The court held a hearing on the motion at which appellant presented no evidence. The trial court denied the motion for new trial and this appeal followed.

Analysis

On appeal, appellant argues his sentence of seventy-five years is prima facie disproportionate to his offense and as support for his assertion, contends the jury did not hear "any evidence that would justify such a harsh sentence," particularly given this was appellant's "first offense", and that there "is a complete absence of any aggravating circumstances in this case to warrant and justify" appellant's sentence.

Evaluation of a challenge to the term of imprisonment imposed in an individual case based on all its circumstances begins with a comparison of the gravity of the offense with the severity of the sentence. *Noyes v. State,* No. 07-16-00229-CR, 2018 Tex. App. LEXIS 3572, at *6 (Tex. App.—Amarillo May 21, 2018, no pet.) (mem. op., not designated for publication) (citing *Graham v. Florida*, 560 U.S. 48, 60, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010)). We consider the harm caused or threatened to the victim, the offender's

3

culpability, and the offender's prior adjudicated and unadjudicated offenses. *State v. Simpson,* 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) (citing *Graham*, *id.*) Only if this is a rare case[3] in which the sentence is grossly disproportionate to the offense are we to compare appellant's sentence with the sentences received for similar crimes in this jurisdiction or sentences received in other jurisdictions. *Noyes,* 2018 Tex. App. LEXIS 3572, at *6.

Generally, a sentence within the statutory range of punishment for an offense is not excessive, cruel, or unusual punishment. *Winchester v. State,* 246 S.W.3d 386, 389 (Tex. App.—Amarillo 2008, pet. ref'd). The Court of Criminal Appeals has described "the sentencer's discretion to impose any punishment within the prescribed range to be essentially 'unfettered.' Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez,* 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006).

Here, appellant's seventy-five-year sentence falls within the statutory range for the offense of which the jury found him guilty. *See* TEX. PENAL CODE ANN. §12.32 (first-degree felony offense is punishable by imprisonment for life or for any term of not more than 99 years or less than five years); TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2011) (possession of four grams or more of Penalty Group 1 controlled substance with intent to

---

[3] The Court of Criminal Appeals pointed out in *Simpson*, 488 S.W.3d at 323, that "[o]nly twice has the Supreme Court held that a non-capital sentence imposed on an adult was constitutionally disproportionate." (citations omitted).

4

deliver is felony of first degree). From the amount of methamphetamine found on appellant's person, and the scales and baggies found with it, the jury had no reason to doubt appellant's intent to distribute the substance. His mother's testimony, while perhaps helpful to appellant in some respects, made clear that appellant had association with illegal drugs for some time. And from the circumstances of appellant's possession of these drugs, the weapons he also possessed, and the shards lying on the seat in which he was sitting, the jury could have considered appellant's culpability in the offense to be clearly established. The Legislature has considered the harm to victims and our society at large that flows from distribution of methamphetamine to be such as to warrant classification of offenses like that committed by appellant as first-degree felonies, near the most serious of crimes. And, although there was evidence presented at the punishment hearing that appellant had never before been convicted of a felony, the jury also heard that appellant, less than a year prior to this offense, had been placed on deferred adjudication probation in Oklahoma after pleading nolo contendere to two felonies and a misdemeanor offense. This evidence, coupled with the gravity of this first-degree felony offense, leads to the conclusion appellant has failed to make a prima facie showing that his sentence was grossly disproportionate to the offense. Objectively comparing the gravity of appellant's offense with the severity of the sentence, we do not find the sentence is extreme. *Jones v. State,* No. 07-13-00430-CR, 2014 Tex. App. LEXIS 5694, at \*6 (Tex. App.—Amarillo May 28, 2014, no pet.) (mem. op., not designated for publication) (citing *Speckman v. State*, Nos. 07-13-00232-CR, 07-13-00233-CR, 2014 Tex. App. LEXIS 5615 (Tex. App.—Amarillo May 23, 2014, no pet.) (mem. op., not designated for publication)).

Under the totality of the circumstances in this case, appellant's punishment was not grossly disproportionate to the crime of which he was convicted so as to violate the Eighth Amendment to the United States Constitution. *See* U.S. CONST. amend. VIII; *Moore v. State,* 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd). Appellant's sole issue is overruled.

## Conclusion

Having resolved appellant's issue against him, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.