

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00423-CR

MEGAN DAWN MASON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Donley County, Texas
Trial Court No. 4024, Honorable Stuart Messer, Presiding

August 28, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Megan Dawn Mason appeals from the trial court's order revoking her deferred adjudication community supervision, adjudicating her guilty of the second-degree felony of burglary of a habitation,[1] and sentencing her to serve ten years of

---

[1] TEX. PENAL CODE ANN. § 30.02 (West 2011).

imprisonment.[2]  Appellant challenges her sentence as being grossly disproportionate to her crime.  We will affirm the trial court's judgment.

## Background

Because appellant does not challenge the ground on which the trial court based its revocation of her community supervision and adjudication of her guilt, we will relate only those facts necessary to disposition of her appellate issue.  TEX. R. APP. P. 47.1.

In August 2018, appellant pled guilty to the second-degree felony offense of burglary of a habitation, the offense occurring in June 2018.  The trial court placed appellant on deferred adjudication community supervision for a period of three years.  The next month, in September 2018, the State filed a motion to adjudicate appellant's guilt, citing as grounds appellant's commission of the new offense of criminal trespass.  The trial court held a hearing in November 2018.  Appellant pled "true" to the allegation.  The State presented other evidence to support its motion.

Appellant testified, explaining her version of the events that led to her commission of the criminal trespass.  Her testimony included the admission that several days after her plea to the burglary charge, she went to her mother's home even though she had signed a criminal trespass warning stating that entry on her mother's property was forbidden.

---

[2] Burglary of a habitation is a second-degree felony, punishable by imprisonment for any term of not more than twenty years or less than two years and a fine not to exceed $10,000.  TEX. PENAL CODE ANN. § 12.33 (West 2011).

At the close of the motion, the trial court revoked appellant's community supervision, adjudicated her guilty of the offense, and sentenced her to ten years of imprisonment. It is this sentence appellant challenges in this appeal.

Analysis

By her sole appellate issue, appellant contends the trial court abused its discretion by assessing a sentence that was unconstitutionally excessive. The State responds that the sentence was within the applicable statutory range and was not grossly disproportionate to appellant's offense. We agree with the State's contention.

Our evaluation of a challenge to the term of imprisonment imposed in an individual case based on all its circumstances begins with a comparison of the gravity of the offense with the severity of the sentence. *Noyes v. State*, No. 07-16-00229-CR, 2018 Tex. App. LEXIS 3572, at *6 (Tex. App.—Amarillo May 21, 2018, no pet.) (mem. op., not designated for publication) (citing *Graham v. Florida,* 560 U.S. 48, 60, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010)). We consider the harm caused or threatened to the victim, the offender's culpability, and the offender's prior adjudicated and unadjudicated offenses. *State v. Simpson,* 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) (citing *Graham, id.*) It is only if we are able to infer a sentence is grossly disproportionate to an offense that we will compare appellant's sentence with the sentences received for similar crimes in this jurisdiction or sentences received in other jurisdictions. *Winchester v. State,* 246 S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd); *Noyes*, 2018 Tex. App. LEXIS 3572, at *6.

Normally, a sentence within the statutory range of punishment for an offense is not excessive, cruel, or unusual punishment. *Winchester,* 246 S.W.3d at 389. The Court of Criminal Appeals has described "the sentencer's discretion to impose any punishment within the prescribed range to be essentially 'unfettered.' Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez,* 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006).

We find appellant's ten-year sentence was not grossly disproportionate to her crime. Appellant's sentence fell well within the statutory range of two to twenty years. TEX. PENAL CODE ANN. § 12.33 (providing punishment for second-degree felony offense). While appellant concedes that burglary of a habitation is a serious offense, she argues on appeal she was not given any opportunities for rehabilitation but was instead sentenced to prison. This, she says, makes her punishment grossly disproportionate to her offense. But we are not cited to authority holding that such reasoning demonstrates an unconstitutionally gross disparity between a ten-year sentence and a second-degree felony burglary offense. *See Simpson,* 488 S.W.3d at 323 (setting forth considerations for determination whether sentence for term of years is grossly disproportionate to particular defendant's crime).

At the hearing on the motion to adjudicate appellant's guilt, the sheriff testified that at the time appellant committed the burglary offense, she also took the victim's car. The stolen-car charge was dismissed as part of appellant's plea to the home burglary. Only ten days after appellant was placed on deferred adjudication community supervision, she

4

trespassed on her mother's property despite her knowledge of the criminal trespass warning.

Despite her plea of "true" to the criminal trespass community-supervision violation, appellant's testimony at the hearing consisted largely of assertions the court could have seen as attempts to minimize and excuse her trespass. But as the State pointed out at the hearing, appellant was being sentenced for the burglary of a habitation, not the trespass. And, despite her earlier plea of guilty to the burglary, appellant at this hearing again engaged in comments minimizing the significance of that offense. And she asserted she merely "borrowed" the vehicle she took.

In our view, the evidence permitted the trial court to conclude that appellant had not taken either her burglary offense or her community supervision seriously. The record does not, however, permit us to find this is one of those "rare" cases in which the sentence is grossly disproportionate to the offense. *Simpson*, 488 S.W.3d at 323. Accordingly, we resolve appellant's issue against her.

## Conclusion

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.