

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-00499-CR

_____

LEWIS GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2010-426,703; Honorable John J. McClendon, III, Presiding

December 11, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following an open plea of guilty, Appellant, Lewis Gonzales, was convicted of driving while intoxicated, third or more,[1] enhanced by prior felony convictions. Following a punishment hearing, he was sentenced to forty years confinement. In presenting this

---

[1]TEX. PENAL CODE ANN. §§ 49.09(b)(2) and 12.42(d) (West Supp. 2013).

appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm and grant counsel's motion.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response to the *Anders* brief.[4] Neither did the State favor us with a brief.

On the night of February 9, 2012, an off-duty police officer driving a marked patrol vehicle stopped Appellant after observing erratic driving which included abrupt

---

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3]Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35. The duty to send the client a copy of the court of appeals's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

[4]Appellant did file a letter in which he requested appointment of new counsel. He did not, however, respond to counsel's *Anders* brief.

lane changes and multiple collisions with street curbs.  Once Appellant was stopped, the officer approached the driver's side of the vehicle and noticed an odor of alcohol on Appellant as well as slurred speech.  He had Appellant exit the vehicle and sit on the curb until a unit on duty could arrive.

Once other officers arrived on the scene, sobriety tests were administered to Appellant.  He did not successfully complete any of the tests and was arrested for driving while intoxicated.

During the punishment hearing, the State introduced, without objection, twelve prior convictions of Appellant including two other DWIs, assaults, thefts, criminal mischief, sexual assault and failure to register as a sex offender.  Numerous witnesses gave accounts of the circumstances leading to the prior convictions.  Other witnesses from the sheriff's office and detention center testified to Appellant's defiance to rules and directives and propensity to incite violence.

The sheriff's gang coordinator testified Appellant was a member of the Texas Mexican Mafia gang.  He later explained Appellant had separated from the gang and was providing information to several law enforcement agencies of his own accord.  He believed though, that Appellant had been terminated as an informant.

In an effort to advance a potential issue, counsel questions the severity of Appellant's sentence by asserting it is grossly disproportionate and violates the federal and state constitutional prohibitions against cruel and unusual punishment. In concluding there is no merit to the issue, counsel notes Appellant's failure to object to his sentence at trial or raise it in his motion for new trial waived the issue.  *See* TEX. R.

3

APP. P. 33.1(a)(1); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995). *See also Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. Crim. App. 2003). He also points out that, even if the issue had been preserved, Appellant's criminal history demonstrates his sentence was not grossly disproportionate. *See Winchester v. State*, 246 S.W.3d 386 (Tex. App.—Amarillo 2008, pet. ref'd).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).

## CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

4