ACCEPTED
03-15-00028-CR
4790088
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 2:04:28 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00028-CR

(Trial Court No. A110418SB)

IN THE
COURT OF APPEALS
FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 2:04:28 PM
JEFFREY D. KYLE
Clerk

NAKIA DESHAWN LEWIS,
Appellant.

VS.

THE STATE OF TEXAS,
Appellee.

From the 51ST Judicial District Court
of Tom Green County, Texas
Honorable Barbara Walther, Judge Presiding

**BRIEF OF APPELLANT**

ORAL ARGUMENT NOT REQUESTED

KIRK HAWKINS
17 South Chadbourne, Suite 401
P.O. Box 3645
San Angelo, Texas 76902
325-658-5585
State Bar No. 09250400
E-Mail: kirkhawkinslaw@gmail.com
ATTORNEY FOR APPELLANT

1

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS…………………………………………….. 2

LIST OF AUTHORITIES…………………………………………. 3

NAMES OF ALL PARTIES…………………………………….. 5

STATEMENT OF THE CASE…………………………………. 5

STATEMENT OF THE EVIDENCE………………………………… 7

SUFFICIENCY OF THE EVIDENCE…………………………….. 14

OBJECTIONS……………………………………………. 14

EFFECTIVENESS OF COUNSEL………………………………… 14

PUNISHMENT…………………………………………….. 15

CONCLUSION…………………………………………….. 15

CERTIFICATE OF SERVICE…………………………………….. 15

# LIST OF AUTHORITIES

**CASES**            **Page**

Anders v. California 386 US 738, 87 S. Ct. 1396, 18 L.Ed 2nd 493
(1963)       6

Crawford v. Washington 541 US 36 (2004)       10

Delacruz v. State 167 SW3d 905 at 906 (Tx.App.-Texarkana
2005)       15

High v. State 573 SW2d 807 (Tx.Crim.App. 1978       6

Stafford v. State 813 SW2d 503 (Tx.Crim.App. 1991)       6,14

Strickland v. Washington 466 US 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984)       14

Winchester v. State 246 SW3d 386 at 388 (Tx.App.-Amarillo 2008)       15

**STATUTES**

Texas Penal Code, Section 71.02(c)       5

NO. 03-15-00028-CR

(Trial Court No. A110418SB)

IN THE
COURT OF APPEALS
FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

_____

NAKIA DESHAWN LEWIS,
                                           Appellant.

VS.

THE STATE OF TEXAS,
                                           Appellee.

_____

From the 51ST Judicial District Court
of Tom Green County, Texas
Honorable Barbara Walther, Judge Presiding

_____

**BRIEF OF APPELLANT**

_____

TO THE HONORABLE COURT OF APPEALS FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS:

COMES NOW, NAKIA DESHAWN LEWIS, by and through her court-appointed attorney, the Appellant in the above-entitled and numbered cause, and

4

files this Brief of Appellant, and in support thereof would show this Honorable Court as follows:

## NAMES OF ALL PARTIES

In order that the members of the Court may determine disqualifications or refusal pursuant to Rule 74(a) of the Texas Rules of Appellate Procedure, Appellant certifies that the following is a complete list of all parties interested in the outcome and their attorneys of record:

1. Appellant, NAKIA DESHAWN LEWIS #1964121, 1210 Coryell Road, Gatesville, Texas 76528.

2. Defense and trial attorney, CHRISTIANSON HARTMAN, State Bar No. 24056682, One West Broadway, Sweetwater, Texas 79556.

3. Attorney of record on appeal for Appellant, KIRK HAWKINS, State Bar No. 09250400, P.O. Box 3645, San Angelo, Texas 76902.

4. The Honorable Barbara Walther, Trial Judge, Tom Green County Courthouse, 112 West Beauregard, San Angelo, Texas 76903.

5. Appellee, STATE OF TEXAS, represented by Ms. Meagan White, Assistant District Attorney, Tom Green County Courthouse, Court Street Annex, 124 West Beauregard, San Angelo, Texas 76903.

## STATEMENT OF THE CASE

The Appellant, NAKIA DESHAWN LEWIS, was indicted on June 7, 2011 (CR p. 11). On January 31, 2012, Appellant pled guilty to the offense of engaging in organized criminal activity, a 1st degree felony (Texas Penal Code Section 71.02(c)) (RR 2, p. 6). Based on a plea agreement, Appellant was placed on a ten-

year deferred adjudication probation (CR p. 23) on July 9, 2013. The State filed a Motion to Revoke Deferred Adjudication and to Proceed to Adjudicate Motion to Revoke on April 10, 2014 (CR p. 53-55). The State's motion was heard on October 15, 2014. The State abandoned allegations paragraph III, 4 and 11, and the Appellant pled "not true" to the remaining ten (10) allegations (RR 3, p. 8, l. 8-14). After hearing testimony, the Court found all of the remaining allegations true and revoked Appellant's probation (RR 3, p. 66, l. 7-18). After hearing evidence as to punishment, the Court sentenced Appellant to twenty (20) years confinement in the Texas Department of Corrections (RR 3, p. 90, l. 7) (CR p. 49).

Although not reflected in the Clerk's record submitted to this Court, a Motion for New Trial was filed on November 13, 2014. Appellant filed a Notice of Appeal on January 7, 2015 (CR p. 65).

Counsel has reviewed the record and correspondence from the Appellant. Counsel can find no arguable grounds on which to appeal. Counsel will attempt to comply with the guidelines regarding such appeals as set forth in High v. State 573 SW2d 807 (Tx.Crim.App. 1978), Anders v. California 386 US 738, 87 S. Ct. 1396, 18 L.Ed 2nd 493 (1963), and Stafford v. State 813 SW2d 503 (Tx.Crim.App. 1991).

The record consists of the Clerk's record in one (1) volume of 98 pages which will be referred to as "CR", and the reporter's record which consist of four (4) volumes, which will be referred to as "RR". Volume one contains the master

6

index; Volume two is the transcription of Appellant's initial plea of guilty; Volume three is the record on the motion to adjudicate; and Volume four contains the exhibits.

## STATEMENT OF THE EVIDENCE

The State called Angelica Maria Robertson, an officer with the Concho Valley Community Supervisions and Corrections Department. She testified generally that Appellant had failed to make some payments on her probation, had not been submitting inability to pay statements, and didn't report for a month, and had not reported since April 23, 2014. She specifically testified that Appellant had not paid for March through August 2012, November 2012, January through June 2013, and January 2014 through March 2014 (RR 3, p. 11, l. 4-20). Specifically, she testified that she had not submitted her inability to pay forms for November 2012 and January through August 2013, and that further she had not reported in April 2013 and had not reported since April 2014 (RR 3, p. 12, l. 8-22). Appellant had also not completed her community service for the months of April through December 2012, January through December 2013, nor from January through March 2014. Appellant had complained of knee injury and needing surgery, but never provided a doctor's excuse (RR 3, p. 14, l. 3 through p. 15, l. 2). Appellant had also failed to pay numerous urinalysis fees (RR 3, p. 15, l. 11). Appellant had also failed to report an arrest on or about March 8, 2013 (RR 3, p. 15, l. 20), and

7

she failed to provide proof of attendance to Alcoholics Anonymous and Narcotics Anonymous for April and May 2013, and had not provided any proof since February 2014 (RR 3, p. 16, l. 6-15). When asked for the Departments' recommendation, Ms. Robertson recommended revocation because of the new offense she had committed which was the same kind of offense for which she was on probation (RR 3, p. 17, l. 3-8). She also testified that Charles Mitchell was on a misdemeanor marijuana probation (RR 3, p. 16, l. 18 through p. 17, l. 2).

On cross-examination, Ms. Robertson admitted that she was testifying from the probation records and that the Appellant's three (3) previous officers were no longer with the department (RR 3, p. 18, l. 3). When questioned about her ability to work, she testified that the Appellant had been working at Goodfellow Air Force Base since May 2012, and that she knew that she had had a hysterectomy in January 2014 (RR 3, p. 19, l. 7-21). When asked about Charles Mitchell, she testified that the Appellant had been arrested with Charles Mitchell (RR 3, p. 21, l. 19). She also testified that Appellant had a SASE evaluation which indicated a low probability of having a substance abuse problem (RR 3, p. 23, l. 4).

The State then called Kimberly Blanco, a police officer with the San Angelo Police Department, who testified concerning the arrest on March 8, 2013. She had been called to a domestic disturbance at 226 North Magdalen, and when she approached, there was a car backing out of the driveway. It was driven by the

8

Appellant with her son, Charles Mitchell, as the passenger (RR 3, p. 27, l. 19 to p. 28, l.6). She arrested Charles Mitchell on city warrants (RR 3, p. 29, l. 21), and found marijuana in his pocket. Based on that, she conducted a probable cause search of the vehicle. She testified that the Appellant seemed nervous and wanted to get back in the vehicle (RR 3, p. 29, l. 4-24). The officer discovered a plastic corner bag on the driver's side floor which contained residue and an orange pill bottle with a while crystal-like substance under the driver's seat (RR 3. P. 30, l. 2-24). The State introduced their Exhibits 1-6 which were photographs taken of the items at the scene and these were admitted without objection (RR 3, p. 31). The officer also found a female's wallet containing over one thousand dollars cash and a lot of the denominations were twenties (RR 3, p. 33, l. 1-16). She further testified that the incident had occurred at 10:00 p.m. (which is a violation of the Appellant's curfew to be home by 10:00 p.m.) (RR 3, p. 34, l. 3-7).

On cross-examination, she explained that she and her superior officers decided that the cash was not contraband and the Appellant could keep it (RR 3, p. 38, l. 12). When defense counsel asked Appellant whether Charles Mitchell had admitted to driving the vehicle that night, the State objected as hearsay. Counsel eventually withdrew the question (RR 3, p. 38, l. 25 to 39, l. 2, p. 40, l. 6). She further testified that she found a rental agreement in the vehicle where the Appellant had rented the vehicle (RR 3, p. 41, l. 16).

9

The State also called Marissa Silva Gomez who is a forensic scientist with the Texas Department of Public Safety Lab in Midland, Texas. The State then introduced Exhibits 7 and 8 which were admitted without objection (RR 3, p. 47, l. 10). The witness testified that the State's Exhibit #8 contained 1.29 grams of cocaine (RR 3, p. 47, l. 18-20). The State then rested their case.

Appellant called Justin Yarborough, a Narcotics Detective with the San Angelo Police Department. He testified that at the scene it was not clear who the controlled substance belonged to (RR 3, p. 53, l. 11). When asked whether Charles Mitchell had admitted that the drugs were his, the State objected. The Court and counsel had a discussion regarding Crawford v. Washington 541 US 36 (2004), and eventually defense counsel was able to rephrase the question and the officer admitted that Charles Mitchell had made such an admission (RR 3, p. 56, l. 15-19).

On cross-examination by the State's attorney, the officer testified that Mitchell later withdrew the admission (RR 3, p. 57, l. 1).

On re-direct examination he stated that Mitchell's retraction was after approximately a five (5) minute conversation he had with him. When asked if Mitchell knew the location of the pill bottle, once again the State objected as to hearsay. After discussion the Court allowed defense counsel to continue (RR 3, p. 59, l. 21).

On re-cross examination the State was able to elicit that at some point in the evening the pill bottle was moved and that Mitchell had not moved it (RR 3, p. 61, l. 2).

After hearing the testimony, the Court revoked the Appellant's probation and proceeded with the adjudication and punishment (RR 3, p. 66, l. 7-18).

In this phase the State first introduced their Exhibit #8 which was a penitentiary packet containing two (2) prior felony convictions. This was admitted into evidence with no objection.

The State also presented testimony from Rodney Black, an officer with the San Angelo Police Department with twenty-one (21) years' experience. He testified as to the drug investigation which began in 2010 regarding cocaine trafficking. The State introduced State's Exhibit #11 which was an organizational scheme, without objection (RR 3, p. 68 through p. 69). When asked about the statements of co-defendant, Fred Lewis, defense counsel objected as to hearsay and the State more or less reviewed the question (RR 3, p. 70, l. 8). According to Detective Black, the organization had been operating for approximately a year and they were moving a kilo of cocaine every three (3) weeks with a value of about $200,000.00 changing hands (RR 3, p. 70, l. 15-25). He further described Appellant as a middleman who distributed the cocaine and allowed her son to cook it in the microwave (RR 3, p. 71). On cross-examination Black testified that

11

Appellant had admitted to delivering multiple ounces to multiple people (RR 3, p. 72, l. 16). Black testified Tyrell Lewis was her son and that Fred Lewis was her brother (RR 3, p. 73, l. 12).

The Appellant testified on her own behalf, stating that she had a five-year-old son that she had gotten when he was three days old, although he was not related to her (RR 3, p. 75, l. 2 to p. 76, l. 4). Appellant's counsel introduced the defense's Exhibit #1, without objection, which was a copy of the Court order granting the Appellant custody of the child (RR 3, p. 77). Appellant also testified as to her medical problems and that she was supposed to have surgery on her right knee and about her hysterectomy in January 2014. She testified that after the surgery, she had been in the hospital for eight (8) days with blood clots. She had chest pains which were related to possible blood clots in her lung (RR 3, p. 78-79). Appellant's counsel also introduced Exhibits #2 and #3 which were medical records from Shannon Hospital and from Dr. Lind who is the Coumadin Clinic director (RR 3, p. 79-80). Appellant testified that she went to the clinic once a week (RR 3, p. 81, l. 10), and that she had been hospitalized twice (RR 3, p. 83).

Appellant asked that she be sent to CRTC (Community Rehabilitation and Treatment Center), but she also denied having a problem with drugs and alcohol (RR 3, p. 84, l. 2-11). On cross-examination, Appellant admitted she told Tracy

12

Connolly, her probation officer, that she did not have a substance abuse problem (RR 3, p. 86, l. 1-6).

After hearing final arguments, the Court sentenced the Appellant to twenty (20) days in the Texas Department of Corrections (RR 3, p. 90, l. 7).

## SUFFICIENCY OF THE EVIDENCE

The evidence was sufficient to prove to the Court that Appellant failed to make some of her payments as ordered by the Court and alleged in allegation 1; that Appellant had failed to provide statements of her inability to pay as per allegation 2; and that Appellant had possessed cocaine on or about March 8, 2013 as alleged in allegation 3. Appellant had also had contact with Charles Mitchell as per allegation 5, and failed to report in person for April 2013, allegation 6. Appellant had failed to do her community service hours as alleged in allegation 7, and had not paid for urinalysis examination as alleged in allegation 8. Appellant also failed to report her arrest on March 8, 2013, as alleged in allegation 9, and she had also violated her curfew on that same day, as alleged in allegation 10. The Court also found that Appellant failed to attend Alcoholics Anonymous or Narcotics Anonymous meetings twice weekly and return the signed attendance receipts as alleged for the months of April and May 2013, and February 2014, as per the allegation number 12 in the State's Motion to Revoke (CR p. 52-55).

13

## OBJECTIONS

The objections have been addressed in the State of the Evidence. The State's objections to Appellant's counsel's examination of the witnesses were based on hearsay. It appears that counsel was able to get the testimony he desired by rephrasing his questions. The Court sustained Appellant's hearsay objection to the State's examination of Detective Justin Yarborough regarding the statements of Fred Lewis (RR 3, p. 70, l. 8). There were no real adverse rulings against the Appellant on any of the objections.

## EFFECTIVENESS OF COUNSEL

Appellant's counsel cross-examined Angelica Robertson extensively as well as the arresting officer Kimberly Blanco. He attempted, although apparently unsuccessful, to try to steer the ownership of the drugs to Charles Mitchell and away from the Appellant. He also presented mitigation evidence concerning the five-year-old boy that Appellant cared for and the need for her to be able to raise him as well as her medical conditions and issues. The Trial Counsel's performance far exceeded the standards for effective assistance of counsel based on the definition of ineffective assistance as per Stafford v. State 813 SW2d 503 (Tx.Crim.App. 1991) and Strickland v. Washington 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).

14

## PUNISHMENT

The Courts have traditionally held that punishment assessed within the range of punishment set by the Legislature in a valid statute is not excessive, cruel or unusual. <u>Winchester v. State</u> (petition for discretionary review refused) and <u>Delacruz v. State</u>. The Court assessed punishment within the statutory range for a 1st degree felony.

## CONCLUSION

After reviewing the record of the case, Appellant counsel can find no reversible error.

Respectfully submitted,

___/s/ Kirk Hawkins_____
KIRK HAWKINS
P.O. BOX 3645
SAN ANGELO, TEXAS 76902
325/658-5585
STATE BAR NO. 09250400
E-Mail: kirkhawkinslaw@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served on Ms. Meagan White, Assistant District Attorney, Tom Green County Courthouse, Court Street Annex, 124 West Beauregard, San Angelo, Texas 76903; and on Appellant, Ms. Nakia DeShawn Lewis #1964121, 1210 Coryell Road, Gatesville, Texas 76528, on this ___7th___ day of April, 2015.

I further certify that I have mailed a notice to the Appellant at the above-referenced address on April 7th, 2015, informing of my intention of filing a frivolous appeal and advising her of her rights to file her own brief and to review the record.

_/s/ Kirk Hawkins_
Kirk Hawkins


## NOTICE TO APPELLANT, NAKIA DESHAWN LEWIS

**YOU HAVE THE RIGHT TO FILE YOUR OWN BRIEF IN THIS CAUSE. YOU ALSO HAVE THE RIGHT TO REVIEW THE COURT RECORD AND THE COURT REPORTER'S RECORD. YOU HAVE THIRTY (30) DAYS FROM THE DATE OF THE FILING OF THIS BRIEF IN WHICH TO PREPARE AND SUBMIT YOUR OWN BRIEF.**

_/s/ Kirk Hawkins_
**Kirk Hawkins**

NO. 03-15-00028-CR

(Trial Court No. A110418SB)

IN THE

COURT OF APPEALS

FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS

---

NAKIA DESHAWN LEWIS,
                                        Appellant.

VS.

THE STATE OF TEXAS,
                                        Appellee.

---

From the 51ST Judicial District Court
of Tom Green County, Texas
Honorable Barbara Walther, Judge Presiding

---

**CERTIFICATE OF WORD COMPLIANCE**

---

TO THE HONORABLE COURT OF APPEALS FOR THE THIRD SUPREME JUDICIAL DISTRICT OF TEXAS:

COMES NOW, KIRK HAWKINS, court-appointed attorney for Appellant NAKIA DESHAWN LEWIS, and files this Certificate of Word Compliance, and would submit the following:

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 2,567 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

Respectfully submitted,

KIRK HAWKINS
P.O. BOX 3645
SAN ANGELO, TEXAS 76902
325/658-5585
STATE BAR NO. 09250400
E-Mail: kirkhawkinslaw@gmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served on Ms. Meagan White, Assistant District Attorney, Tom Green County Courthouse, Court Street Annex, 124 West Beauregard, San Angelo, Texas 76903; and on Appellant, Nakia Deshawn Lewis #1964121, 1210 Coryell Road, Gatesville, Texas 76528 on this _____7_____ day of April, 2015.

Kirk Hawkins

ACCEPTED
03-15-00028-CR
4790088
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 2:04:28 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00028-CR

| NAKIA DESHAWN LEWIS, | ) | IN THE COURT OF APPEALS |
| Appellant | ) | |
| | ) | |
| V. | ) | THIRD JUDICIAL DISTRICT |
| | ) | |
| THE STATE OF TEXAS, | ) | |
| Appellee | ) | SITTING AT AUSTIN, TEXAS |

## CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California*, 386 U.S. 378 (1967), I, Kirk Hawkins, court-appointed counsel for Appellant, NAKIA DESHAWN LEWIS, in the above-referenced appeal, do hereby certify, in writing, to the Court that I have:

1. Notified Appellant that I filed a motion to withdraw as counsel with an accompanying *Anders* brief, and provided a copy of each to Appellant;
2. Informed Appellant of her right to file a pro se response identifying what she believes to be meritorious grounds to be raised in her appeal, should she so desire;
3. Advised Appellant of her right to review the appellate record, should she wish to do so, preparatory to filing that response;
4. Explained the process for obtaining the appellate record, provided a *Motion for Pro Se Access to the Appellate Record* lacking only appellant's signature and the date, and provided the mailing address for this Court; and
5. Informed appellant of her right to seek discretionary review pro se should this Court declare her appeal frivolous.

Respectfully submitted,

KIRK HAWKINS
P.O. BOX 3645
SAN ANGELO, TEXAS 76902
325-658-5585
STATE BAR NO. 09250400
E-Mail: kirkhawkinslaw@gmail.com

ATTORNEY FOR APPELLANT

ACCEPTED
03-15-00028-CR
4790088
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 2:04:28 PM
JEFFREY D. KYLE
CLERK



# Kirk Hawkins
ATTORNEY AT LAW

Continental Building
17 South Chadbourne
Suite 401
San Angelo, Texas 76903

325/ 658-5585
FAX 325/ 657-0896

Email: kirkhawkinslaw@gmail.com

Please reply to:
Post Office Box 3645
San Angelo, Texas 76902

April 7, 2015

Nakia Deshawn Lewis #1964121
1210 Coryell Road
Gatesville, Texas 76528

RE:  Case No. 03-15-00028-CR; Nakia Deshawn Lewis, Appellant v. The State of
     Texas, Appellee

Dear Ms. Lewis:

Enclosed please find a copy of the motion to withdraw as counsel and brief pursuant to *Anders v. California* that I have prepared and filed in your case. After a diligent search of both the clerk's record and reporter's record in your case and a review of the applicable law, it is my opinion that no reversible error occurred at your adjudication proceeding.

Whenever appellant counsel files a motion such as this, the law provides the appellant the right to review the record and file a response identifying to the appellate court any grounds he thinks are non-frivolous issues to be raised on his behalf that the appellate court should consider in deciding whether the case presents any meritorious grounds for appeal. Because I have filed this motion and brief, you now have the right to review the record and file a response or brief if you so choose. To assist you in obtaining the record if you wish to review it, I have enclosed a *Motion for Pro Se Access to the Appellate Record* for you to file. In order to obtain the appellate record, you must sign and date the motion and mail it to the Third Court of Appeals within ten days of the date of this letter at the following address:

Jeffrey D. Kyle, Clerk
Third Court of Appeals
Post Office Box 12547
Austin, Texas 78711

The Court of Appeals will then direct the clerk of the trial court to provide you with a copy of the appellate record. Your response will be due to be filed in the Third Court of Appeals within 30 days of the date the clerk provides the record to you.

Whether or not you file a response, the law requires the Court of Appeals to review the record to determine if the Court agrees with my assessment that no meritorious grounds for appeal exist,

i.e., that no reversible error exists. If the Court does not agree, but instead believes there are non-frivolous issues to be raised on your behalf, the Court must abate the appeal to have another attorney appointed to review the record on your behalf.

Should the Court of Appeals ultimately determine that there are no meritorious grounds to be raised and that your appeal is frivolous, the Court will affirm your adjudication. You may then file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. Such petition must be filed within 30 days of the date the Court of Appeals renders its judgment.

Feel free to write me if you have any questions about the procedure utilized in your appeal. I will do my best to answer any questions you may have.

Sincerely yours,

Kirk Hawkins

KH/ahe

Enclosures