PD-0759-15

PD-0759-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/22/2015 10:36:56 PM
Accepted 6/24/2015 10:48:34 AM
ABEL ACOSTA
CLERK

NO. _____

TO THE

# COURT OF CRIMINAL APPEALS

## OF TEXAS

***************

# ROGER STONE

Petitioner,

v.

# THE STATE OF TEXAS

Respondent.

***************

PETITION FOR DISCRETIONARY REVIEW IN CAUSE NUMBER
07-13-341-CR FROM THE SEVENTH COURT OF APPEALS, AND
IN CAUSE NUMBER 10,928 FROM THE 316th DISTRICT COURT
OF HUTCHINSON COUNTY

***************

# PETITION FOR DISCRETIONARY REVIEW

***************

FILED IN
COURT OF CRIMINAL APPEALS

June 24, 2015

ABEL ACOSTA, CLERK

John Bennett
Post Office Box 19144
Amarillo, TX 79114
Telephone: (806) 282-4455
Fax: (806) 398-1988
Email: AppealsAttorney@gmail.com
State Bar No. 00785691
Attorney for the Petitioner

**THE PETITIONER REQUESTS ORAL ARGUMENT**

# IDENTITY OF PARTIES AND COUNSEL

1.  **Trial Court Judge**

    Hon. David Gleason

2.  **Petitioner**

    Roger Stone

    Trial Counsel:          Amanda Harris  (State Bar No. 24046027)
                            P.O. Box 3375
                            Borger, Texas 79008
                            Telephone:  (806) 274-2889

    Appellate Counsel:      John Bennett  (State Bar No. 00785691)
                            P.O. Box 19144
                            Amarillo, Texas 79114
                            Telephone:  (806) 282-4455

3.  **The State**

    The State of Texas

    Trial Counsel:          Curtis Brancheau  (State Bar No. 24064943)
                            84th District Attorney's Office
                            500 Main
                            Stinnett, Texas 79081
                            Telephone:  (806) 878-4036

    Appellate Counsel:      Mark W. Snider  (State Bar No. 00797468)
                            84th District Attorney's Office
                            500 Main
                            Stinnett, Texas 79081
                            Telephone:  (806) 878-4036

# TABLE OF CONTENTS

Index of Authorities ..................................................................................4

Statement Regarding Oral Argument ...................................................6

Statement of the Case...............................................................................6

Statement of Procedural History.........................................................6

Ground for Review ...................................................................................6

       Even where a defendant's criminal history is considered, a sentence of seventy-five years' imprisonment and a fine of $10,000 "grossly disproportionate" to the offense of mere possession of a controlled substance?

Argument ...................................................................................................7

Prayer for Relief.......................................................................................8

Certificate of Compliance ....................................................................8

Certificate of Service ............................................................................9

Opinion Below ...................................................... following page 9

# INDEX OF AUTHORITIES

Case

*Graham v. Florida*, 460 U.S. 48, 130 S.Ct. 2011,

176 L.Ed.2d 825 (2010)..............................................................................6

*Ramirez v. Castro*, 365 F.3d 755, 765, 770 (9th Cir. 2004) ..................................6

NO. _____

TO THE

# COURT OF CRIMINAL APPEALS

OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# ROGER STONE

Petitioner,

v.

# THE STATE OF TEXAS

Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW IN CAUSE NUMBER
07-13-341-CR FROM THE SEVENTH COURT OF APPEALS, AND
IN CAUSE NUMBER 10,928 FROM THE 316th DISTRICT COURT
OF HUTCHINSON COUNTY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**To the Honorable Judges of the Court of Criminal Appeals:**

COMES NOW Roger Stone, petitioner in the above cause, and submits
this petition in support of his request for a new sentencing range regarding the
conviction entered in this cause.

## STATEMENT REGARDING ORAL ARGUMENT

Since the facts are unusual, the petitioner requests oral argument.

## STATEMENT OF THE CASE

After pleas of not guilty to possessing slightly more than ten grams of a substance containing methamphetamine and to tampering with physical evidence, a jury convicted the petitioner. After he pled true to one enhancement, the jury returned sentencing verdicts of 75 years' imprisonment and a fine of $10,000 for the possession and two years and $1,000 for tampering.

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals affirmed the conviction on May 15, 2015. A copy of the opinion is attached. No motion for rehearing was filed. A motion to extend time to file this PDR is filed contemporaneously with the PDR.

## GROUND FOR REVIEW

Even where a defendant's criminal history is considered, a sentence of seventy-five years' imprisonment and a fine of $10,000 "grossly disproportionate" to the offense of mere possession of a controlled substance?

6

## ARGUMENT

The Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Graham v. Florida*, 460 U.S. 48, 59-60, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). And in *Ramirez v. Castro*, 365 F.3d 755, 765, 770 (9th Cir. 2004), 25 years to life was grossly disproportionate for petty shoplifting, where the petitioner's criminal history consisted of two nonviolent burglaries for which he received a year in jail. *Id*. at 765, 770.

And here the circumstances were little more egregious. As the court of appeals noted, the petitioner was arrested for resisting arrest and forgery in the mid-1990s and received three years of community supervision, later revoked; he was sentenced to two years' incarceration. He was also convicted of possession of a controlled substance and evading arrest with a vehicle. (Opinion, attached, p. 4). And he had previously been convicted and imprisoned for possession of marijuana in a drug-free zone. (RR, v. 4, p. 217; v. 6, State's Exhibit 23). These offenses are all non-violent and non-sexual ones.

The court of appeals, though, found that "evidence of disproportionality is lacking." (Opinion, p. 4). But a sentence of *75 years* for mere possession of a substance containing methamphetamine for a defendant without an extensive criminal history and without any history of violence or sexual crimes *is* grossly disproportionate to this offense.

7

## PRAYER FOR RELIEF

The petitioner therefore prays the Court grant discretionary review and order a new sentencing hearing in this cause, or grant all appropriate relief.

Respectfully submitted,

/s/ JOHN BENNETT
John Bennett
Post Office Box 19144
Amarillo, TX 79114
Telephone: (806) 282-4455
Fax: (806) 398-1988
Email: AppealsAttorney@gmail.com
State Bar No. 00785691
Attorney for the Petitioner

## CERTIFICATE OF COMPLIANCE

I certify that this entire PDR contains 904 words.

/s/ JOHN BENNETT
John Bennett

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing PDR has been served by prepaid U.S. Mail, first class delivery prepaid, on Mark Snider, Esq., Hutchinson County Criminal District Attorney, to him at Hutchinson County Courthouse, 500 Main Street, Stinnett, Texas 79083, and, on Lisa McMinn, Esq., State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711, both on June 19, 2015.

/s/ JOHN BENNETT
John Bennett



# In The

# Court of Appeals

# Seventh District of Texas at Amarillo

_____

No. 07-13-00341-CR

_____

ROGER DUANE STONE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 316th District Court
Hutchinson County, Texas
Trial Court No. 10,928; Honorable David Gleason, Presiding

May 15, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Roger Duane Stone, appeals from a judgment following a jury trial sentencing him to seventy-five years confinement and assessing a $10,000 fine for possession of four grams or more, but less than 200 grams, of methamphetamine[1] and

_____

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010) (an offense under this section is a second degree felony). Appellant's second degree felony conviction was enhanced to a first degree felony conviction due to a prior felony conviction. *See* TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2014). *See also id.* at §§ 12.32, 12.33 (West 2011).

confinement for two years and a $10,000 fine for tampering with physical evidence,[2] with the two sentences to be served concurrently. In a single issue, Appellant asserts his sentence for possession of a controlled substance constitutes cruel and unusual punishment and, as such, violates the Eighth Amendment of the United States Constitution. We affirm.

CRUEL AND UNUSUAL PUNISHMENT

Appellant asserts seventy-five years confinement is cruel and unusual punishment because he is an addict living on disability, has had no opportunity for formal drug treatment, and is a decent, generous human being. He contends continued confinement will do nothing to help him beat his habit, will be degrading to his dignity, and amounts to a life sentence due to his age. Appellant concedes his punishment is within the range established by the Legislature and does not challenge the constitutionality of the statutes under which he was sentenced.

Texas courts have traditionally held that, as long as punishment is assessed within the range set by the Legislature in a valid statute, the punishment is not excessive. *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd). That said, however, Texas courts recognize that a prohibition against grossly disproportionate sentences survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's range. *Id.* (collected cases cited therein). *See Ham v. State,* 355 S.W.3d 819, 826 (Tex. App.—Amarillo 2011, pet. ref'd).

---

[2] *See* TEX. PENAL CODE ANN. § 37.09 (West Supp. 2014) (an offense under this section is a third degree felony). Appellant's third degree felony conviction was enhanced to a second degree felony conviction due to a prior felony conviction. *See id.* at § 12.42(a), §§ 12.33, 12.34 (West 2011).

2

Finding a federal constitutional principle of proportionality for criminal sentences under the Eighth Amendment, the United States Supreme Court indicated that, in determining the proportionality of a sentence, courts should be guided by the following *objective* criteria:  (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for the commission of the same crime in other jurisdictions.  *Solem v. Helm*, 463 U.S. 277, 290, 103 S. Ct. 3001, 77 L. Ed.2d 637 (1983).  *See Harmelin v. Michigan*, 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 115 L. Ed.2d 836 (1991) (Kennedy J., concurring in part and concurring in judgment) (Eighth Amendment does not require strict proportionality between crime and punishment but forbids only against sentences that are grossly disproportionate to the crime).  Only if the court can infer a sentence is grossly disproportionate to an offense should the court consider the remaining factors in the *Solem* test.  *See Winchester,* 246 S.W.3d at 389 (citing *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed.2d 98 (1992)).  Moreover, state legislatures should be accorded substantial deference and "a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate."  *Winchester,* 246 S.W.3d at 389 (quoting *Solem*, 463 U.S. at 290 n.16).

Appellant was sentenced under the provisions of section 12.42 of the Texas Penal Code, a statute providing for penalties for repeat and habitual felony offenders.  *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2014).  Under this statute, sentence is imposed to reflect the seriousness of his most recent offense, not as it stands alone, but in light of prior offenses.  *Winchester*, 246 S.W.3d at 390.  Further, a repeat offender's sentence is based not merely on that person's most recent offense but also on the

3

propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes. *Id.* (citing *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd)). Therefore, in considering whether Appellant's sentences are "grossly disproportionate," we consider not only the present offenses but also his criminal history. *Id.*

Appellant's criminal history goes back as far as 1996 when he was arrested for resisting arrest. In 1997, he was arrested for forgery of a financial document. Although he received probation for three years, his probation was revoked in thirteen months and he was sentenced to two years confinement. Thereafter, he was in and out of confinement on three successive convictions for possession of controlled substance(s) and for evading arrest or detention with a motor vehicle until his present conviction. Given Appellant's past criminal history and the similarity of the offenses for which he now stands convicted, we cannot infer his present sentence is grossly disproportionate. This is particularly so here where the sentence is less than the statutory maximum and evidence of disproportionality is lacking. Appellant's single issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.