

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00204-CR

---

**JOE PEREZ MARTINEZ, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the Hall District Court
100th County, Texas
Trial Court No. 3905, Honorable Dale Rabe, Jr., Presiding

---

September 18, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California.*[1] Pursuant to a plea of guilty, Appellant, Joe Perez Martinez, was placed on deferred adjudication community supervision for five years for aggravated assault with a deadly weapon, enhanced by a prior felony.[2] Less than two

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[2] TEX. PENAL CODE ANN. §§ 22.02(a)(2), 12.42(b).

years later, the State moved to adjudicate guilt based on numerous violations of the conditions of community supervision. At a hearing on the State's motion, Appellant pleaded true to some but not all of the allegations of violations.[3] After hearing testimony from Appellant's supervision officer, Appellant, and several character witnesses, the trial court found Appellant violated the conditions of community supervision, adjudicated him guilty of the original offense, found the enhancement allegation to be true, and assessed a sentence of forty years.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted Appellant an opportunity to

---

[3] Given Appellant's pleas of true, the State waived the allegations to which he pleaded not true.

[4] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is

exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. He filed a contentious response proclaiming his innocence and complaining of "dirty cops" and "evil" district attorney and judge breaking laws and violating his rights. He also complains of ineffective assistance of counsel. The State did not favor us with a brief.

## ANALYSIS

Appellant's pleas of true alone support the trial court's order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). The original charge against Appellant, a second degree felony, was enhanced to punishment for a first degree felony. The forty-year sentence is within the statutory range. *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd).

When we have an *Anders* brief by counsel and a *pro se* response by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Bledsoe*, 178 S.W.3d at 826–27 (citing *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)).

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409;

---

ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

*Stafford*, 813 S.W.2d at 511.  We have found no such issues.  *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  After reviewing the record, counsel's brief, and Appellant's pro se response, we agree there is no plausible basis for reversal of Appellant's conviction.  *See Bledsoe*, 178 S.W.3d at 826–27.

## CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.


Alex Yarbrough
Justice

Do not publish.